**George BAHRE, the Western Casualty and Surety Company, Appellants (Defendants Below),**

v.

**The METROPOLITAN SCHOOL DISTRICT OF WASHINGTON TOWNSHIP, MARION COUNTY, Indiana, Appellee (Plaintiff Below).**

**No. 2–976–A–340.**

Court of Appeals of Indiana, First District.

Feb. 18, 1980.

---

Robert H. Orbison, Frederic C. Sipe, Baker, Orbison, Bales & Knowles, Indianapolis, for appellants.

Charles W. Linder, Jr., Lowe, Linder, Gray, Steele & Wiles, Indianapolis, co-counsel for appellant, Western Cas. & Sur. Co.

Charles G. Reeder, Johnson & Weaver, Indianapolis, for appellee.

. ROBERTSON, Presiding Judge.

George Bahre and the Western Casualty and Surety Company (hereinafter collectively referred to as Contractor) appeal a decision which awarded the Metropolitan School District of Washington Township, Marion County, Indiana (School District) damages for a defective roof installed by a subcontractor on behalf of the Contractor at School District's Spring Mill Elementary School. We reverse and remand.

Briefly, the facts reveal that School District and Contractor entered into an agreement to construct an elementary school on January 17, 1959. The construction was to be performed in accordance with specifications developed by Lennox, Matthews, Simmons and Ford, Inc., who were the project architects. Contractor subcontracted the roofing work to Dale R. Horning Roofing and Sheet Metal Company (Horning). There is no question that the roof failed over certain parts of the school building. School District alleges that the roof failed because of the improper application of the roof over the precast deck. The specifications called for full width mopping of asphalt during the phases of the roof's construction in order to have a solid seal against moisture. This vapor barrier, which is a fifteen pound felt over which the asphalt is mopped, is designed to prevent moisture and vapor transmission from the underneath side of the roof deck, from penetrating into the roof insulation and thereby causing its deterioration. The vapor

barrier will not serve this function if the asphalt is not applied in a full width manner. Defects in the roof began to appear as early as 1961 and finally resulted in a complete failure of the roof in 1965. In that year, School District had the roof restructured at a cost of over $42,000. This suit was commenced by School District to recover the amount expended for the new roof.

To further complicate the situation, the contract contained a limitation, which limited Contractor's liability to defects which appeared within one (1) year after substantial completion, and the defects in the roof appeared after this one year period expired. On appeal, School District has argued in support of the trial court's decision, that a recovery in tort avoids this contractual limitation, and since School District moved to amend its pleadings to conform to the evidence as permitted by Ind.Rules of Procedure, Trial Rule 15(B), they contend that the judgment must be affirmed.

Contractor has alleged various errors including failure of the trial court to give effect to the one (1) year contract limitation, failure of School District to give the Contractor written notice to correct defects before proceeding on its own as specified in the contract, and the awarding of pre-judgment interest to the School District. We do not reach a decision on these issues.

From our review of the record and briefs, we view as a more fundamental question, the issue of whether the pleadings were successfully amended to conform to the evidence as provided for by T.R. 15(B). This is significant, because the conclusions of law as set forth by the trial judge do not reflect whether judgment was rendered on the basis of breach of contract or on a tort theory. If in fact the decision was rendered on the basis of tort liability, the decision was erroneous. School District has vigorously argued that the decision is sustainable on a tort theory and that this court must affirm if the trial court's decision can be sustained on any theory supported by the evidence. *In re Estate of Barnett v. Barnett*, (1974) 159 Ind.App. 491, 307 N.E.2d 490. While this is a correct statement of

our appellate review, we will not affirm a decision based on a theory argued on appeal, especially when there were findings of fact and conclusions of law, when that theory or basis of recovery was not properly before the trial court. Consequently, we limit our review on this appeal to the question of whether the pleadings were capable of being amended to include a tort theory of recovery based on the evidence presented at trial.

Trial Rule 15(B) states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Much of the case law in the area of T.R. 15(B) developed on the basis of two primary cases, *Indianapolis Transit System, Inc. v. Williams*, (1971) 148 Ind.App. 649, 269 N.E.2d 543 and *Ayr-Way Stores, Inc. v. Chitwood*, (1973) 261 Ind. 86, 300 N.E.2d 335. In *Indianapolis Transit*, the defendant-appellant objected to the giving of an instruction concerning the aggravation of a pre-existing condition since it was not specially pleaded. In response, the court declared that to apply the appellants theory would result in a revival of the antiquated rule that a plaintiff must recover on the theory of his complaint or not at all. In

reviewing the effect of the "new" T.R. 15(B), the court declared:

Whether the "issues" to be tried in any lawsuit are formed by the pleadings or in a pre-trial order, their function is merely to provide the parties and the court with an itinerary for the journey through the trial. Either party may timely demand strict adherence to the pre-determined route or, if deviation is permitted, the time necessary to prepare to meet the new issue. But when the trial has ended without objection as to the course it took, the evidence then controls. Neither pleadings, pre-trial orders, or "theories" postulated by either party should then operate to frustrate the trier of fact in finding the facts which that evidence (including all reasonable inferences the trier may draw therefrom) convinces him (whether he be a judge or juror), by a preponderance thereof, is true or block him from awarding the relief, if any, which the rules of substantive law say those facts merit.

148 Ind.App. at 658–659, 269 N.E.2d at 550. The supreme court in *Ayr-Way Stores, Inc. v. Chitwood, supra,* reviewed the applicability of T.R. 15(B) and declared that the policy of the rule "is to promote relief for a party based upon the evidence actually forthcoming at trial, notwithstanding the initial direction set by the pleadings." 261 Ind. at 90, 300 N.E.2d at 338. Additionally, the court added, "no prejudice issue can be raised by the defendants who have consented to the proof offered." 261 Ind. at 91, 300 N.E.2d at 339. The supreme court also quoted with approval the above passage from *Indianapolis Transit.*

More recently, this court in *Joy v. Chau,* (1978) Ind.App., 377 N.E.2d 670, a case in which the pleadings were not amended to conform to the issues tried, interpreted T.R. 15(B) and prior cases as clearly indicating that the pleadings are deemed amended to conform to the issues tried by the parties in the case. The court determined that:

When and if evidence is presented that is not within the purview of the pleadings or the pretrial order, the party opposing such evidence must object to its admit-

tance, or the issue supported by the evidence will impliedly be consented to be tried by that party.

377 N.E.2d at 676. *Accord Ayr-Way Stores, Inc. v. Chitwood, supra; Physicians Emergency Service, Inc. v. McCarthy,* (1975) 165 Ind.App. 21, 330 N.E.2d 380; *Theye v. Bates,* (1975) 166 Ind.App. 652, 337 N.E.2d 837.

This broad ability to amend the pleadings to conform to the evidence is, however, not without its limitations. As previously discussed, the purpose behind the rule is to allow the parties some flexibility in litigating the case, and to further justice by allowing the evidence brought forth at trial determine the parties liability. The basic text of fairness would indicate that a "party is entitled to some notice that an issue is before the court which has not been pleaded or has not been agreed to in a pre-trial order." *Aldon Builders, Inc. v. Kurland,* (1972) 152 Ind.App. 570, 580, 284 N.E.2d 826, 832. The court of appeals in justifying this requirement stated that "This is especially true where the new issue is not unequivocally clear by the evidence being submitted. This is not being technical. This is being fair. A party should be given an opportunity to meet the issues which the court is considering." *Id.; Fisel v. Yoder,* (1974) 162 Ind.App. 565, 320 N.E.2d 783; *Normouth Drywall v. Erectioneers, Inc.,* (1978) Ind.App., 381 N.E.2d 490.

While this court is in full accord with those cases permitting a liberal interpretation of T.R. 15(B) which allow the pleadings to be amended to conform to the evidence presented at trial under an implied consent concept, we also believe that this basic precept notwithstanding, the opposing party must have the benefit of some type of notice as to what additional theories of recovery are being litigated when such a change from the pleadings is not readily apparent from the scope of the evidence presented at the trial.

We agree that the pleadings should not operate to deprive the trier of fact of its duty to elicit findings of fact

which the evidence permits. *See Davis v. Schneider,* (1979) Ind.App., 395 N.E.2d 283. Additionally, amendments to the original pleadings should be allowed where the facts are sufficiently pleaded to put the other party on notice as to the evidence to be presented at the trial. The amendment process should also allow for the party to change the theory on which the recovery is based, if that theory is supported by the facts. *See Thompson Farms v. Corno Feed Products,* (1977) Ind.App., 366 N.E.2d 3. An extensive review of the record, however, does not support School District's contention that their recovery should be affirmed on the basis of a tort theory. All of the School District's pleadings were couched in terms of breach of contract. Even School District's proposed findings of fact and conclusions of law, which were adopted by the trial court, sounded in terms of breach of contract.[1] The only reference this court found to a negligence theory was in Finding of Fact No. 11(g), wherein the damage and failure of the roof was attributed to Bahre's negligence in performing the "work." The evidence presented was simply not sufficient as a matter of law to put Contractor on notice that the School District was relying in part on a theory of tort for recovery, even though the pleadings and the evidence produced at trial sounded in contract.

From our review of the transcript, it is apparent that the School District's attack on the roofing job was based on the fact that the inspection holes revealed that the roof was not properly "full width mopped", and that this failure resulted in excessive moisture accumulating on the roof, eventually causing its failure. It was clearly set forth in the specifications for the school that the application of the saturated felt on the roof was to be done in layers with "hot mopping full width under each."[2] Our reading of the record discloses that School District's case-in-chief was directed at prov-

ing that since there was not full width mopping, the contract was breached, and therefore, Contractor was liable for the work done by the subcontractor. Just prior to the close of their case-in-chief, counsel for School District moved to amend the pleadings to conform to the evidence.

And at this time Your Honor . . . well at this time we'll move, and of course, its automatic anymore. I just hate not to do it. We'll move to amend the pleadings or the second amended complaint to conform to the evidence pursuant to Trial Rule 15.

Transcript at 883. The trial court responded that it was a good practice and to go ahead and do it. The School District then rested, and their T.R. 15 motion was granted.

■ What strikes this court as inherently unfair is that at the time of the T.R. 15 motion, School District did not give any indication as to what evidence produced at trial constituted a change in the theory of recovery, or what that new theory would be. We recognize that this is not required, and that in the past the court of appeals has permitted the pleadings to be amended even when the T.R. 15 motion was not made. *See Joy v. Chau,* (1978) Ind.App., 377 N.E.2d 670. When coupled with the lack of evidence in the record concerning a negligence theory, however, we cannot say that the pleadings were effectively amended to sustain any theory of recovery other than that sounding in breach of contract. The record is void of any indication or notice to Contractor that the action was proceeding under any other basis than breach of contract. Additionally, we cannot say that the record indicates that the negligence theory was tried by the implied consent of the parties. Therefore, if the trial court relied on a negligence theory in making its decision, that reliance was misplaced. Finally, since the conclusions of law do not

---

1. Conclusion of Law No. 2 states: "The facts as specifically found herein constitute a breach of Bahre's contract with Washington and a breach of Surety's bond which proximately resulted in Washington's damages."

2. Specifications for Spring Mill Elementary School, Metropolitan School District, Washington Township, Marion County, Indiana page 20–2.

adequately state on what basis the trial court made its decision, and since the findings of fact omit what we glean to be relevant portions of the contract, we are unable to reach an intelligent decision on the other issues raised on appeal. Consequently, on the authority of Ind.Rules of Procedure, Appellate Rule 15(N)(4), (*see also Malbin & Bullock, Inc. v. Hilton,* (1979) Ind.App., 387 N.E.2d 1332), we reverse the trial court's decision and remand for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

NEAL and RATLIFF, JJ., concur.