**Donald H. BORGER and David J. Targgart, Plaintiffs-Appellants,**

v.

**Alice E. GARVER, Defendant-Appellee.**

**No. 3–1079A297.**

Court of Appeals of Indiana, Third District.

March 10, 1981.

Rehearing Denied June 24, 1981.

David A. Travelstead, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, Arthur W. Fruechtenicht, Fruechtenicht & Fruechtenicht, Fort Wayne, for plaintiffs-appellants.

Paul F. Nieter, Paul J. Sauerteig, Nieter, Dixon & Whitmore, Fort Wayne, for defendant-appellee.

GARRARD, Judge.

Donald H. Borger and David J. Targgart (ongoing partners) appeal from a judgment denying their claim against Alice E. Garver for monies alleged to have been due under the withdrawal provisions of a partnership agreement entered into by all three parties.

The individuals involved are certified public accountants. In January 1974, they entered into a partnership agreement for the purpose of providing accounting services to the public under the name of Donald H. Borger & Company. Under the terms of the agreement Borger had a major interest in partnership assets and income and Targgart and Garver had equal smaller interests.

In December, 1975, a disagreement arose between Garver and Borger when Borger wanted to add a new partner to the firm. Garver objected to the proposed change in capital accounts and partners' percentages that would accompany the addition. Borger then advised her "she was out" and requested that she prepare a written resignation for his file. She complied.

Subsequently, Garver opened her own accounting practice. The ongoing partners brought this action to enforce a provision from the 1974 partnership agreement which provided that,

"[a]ny partner who wishes to withdraw from the partnership and continue the practice of public accounting elsewhere, may do so . . . .

\* \* \* \* \* \*

Further, if the withdrawing partner will perform work for any client by [sic] the partnership after the date of his or her withdrawal, said withdrawing partner will be required to pay 20% annually of any and all fees collected from said clients for a period of five consecutive years."

It was not disputed that in her new practice Garver served some of the clients of the former firm. Nevertheless, after trial the court determined that Garver was not bound by the provision calling for the 20% payment and entered judgment for Garver.

The ongoing partners urge that the court's determination that there was a voluntary mutual termination of the partnership agreement is contrary to the evidence and contrary to law.

The court found,

"11. That pursuant to the Plaintiff, Borger's decision to add a partner and change the percentages and because of Defendant, Garver's objection thereto, the Plaintiffs requested of the Defendant a resignation, which was tendered and accepted in January of 1976.

12. That said partnership terminated in January of 1976.

\* &ast; &ast; &ast; &ast; &ast;

18. That the termination of said partnership in January of 1976 was a voluntary and mutual termination as between the partners."

In reviewing appellants' argument it is to be recalled that they had the burden of proof and suffered a negative judgment. The findings made by the court will not be set aside unless they are clearly erroneous. That standard remains unmet where there is sufficient evidence of probative value to support the findings. Here, we are not left with the definite and firm conviction that a mistake has been committed. See *Arnold v. Dirrim* (1979), Ind.App., 398 N.E.2d 442.

The partnership agreement under suit was drafted by Borger. Although it was ten (10) pages long and considered many subjects, it was totally silent concerning the *addition* of any persons to the partnership.

Under such circumstances we must look to Indiana's Uniform Partnership Act.

IC 23–4–1–18(g) provides that "[n]o person can become a member of a partnership without the consent of all the partners." In addition, IC 23–4–1–31 provides that a dissolution of a partnership is caused,

"(2) In contravention of the agreement between the partners, where the circumstances do not permit a dissolution under any other provision of this section, by the express will of any partner at any time."

The evidence, which the court appears to have credited, was that Garver left the firm because of Borger's insistence upon adding a new partner and changing the partnership interests. Garver refused to agree and Borger insisted that she leave. Since the partnership agreement made no provision for adding partners, IC 23–4–1–18(g) required the consent of all partners to permit an addition. Garver neither gave nor was she obliged to give that consent. Therefore, the court was justified in concluding that Borger's insistence that she leave and her acquiescence constituted a voluntary mutual termination of the partnership. Under those circumstances the provision sued upon concerning withdrawing partners had no application.

The court also found the payment provision unconscionable. The ongoing partners argue that the court was precluded from basing its judgment on that finding since unconscionability was never made an issue in the case. *See, e. g., Bahre v. Metropolitan School District* (1980), Ind.App., 400 N.E.2d 197.

We need not address this argument since judgment for Garver is sustained by the finding of a mutual termination of the agreement. Assuming the appellants are correct, the findings of unconscionability must be disregarded as surplusage. *Masson Cheese Corp. v. Valley Lea Dairies, Inc.* (1980), Ind.App., 411 N.E.2d 716; *Daly v. Nau* (1975), 167 Ind.App. 541, 339 N.E.2d 71. *See also Van Bibber v. Norris* (1980), Ind. App., 404 N.E.2d 1365. The appellant must

demonstrate how an erroneous finding contributed to the judgment.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.