**Martin O. GOODYEAR, Appellant (Plaintiff Below),**

v.

**Bonnie D. GOODYEAR, Appellee (Defendant Below).**

No. 1–382A57.

Court of Appeals of Indiana, First District.

Oct. 28, 1982.

Richard L. Mattox, Barry N. Bitzegaio, Orbison, O'Connor, MacGreagor & Mattox, New Albany, for appellant.

Jerry L. Ulrich, Ulrich & Vidra, New Albany, for appellee.

ROBERTSON, Judge.

Martin O. Goodyear (Martin) appeals the granting of summary judgment in favor of his former wife, Bonnie D. Goodyear (Bonnie), on her counterclaim for part of a federal income tax refund which was issued jointly to them. Her counterclaim alleged the refund was a marital asset pursuant to Ind.Code 31–1–11.5–11. The trial court awarded Bonnie one half of the $11,059.00 refund plus one half the interest earned

while the amount was held in escrow during litigation.

We reverse and remand.

Martin and Bonnie were married in 1946 and divorced on January 4, 1979. They operated a mobile home business for 25 years as a closed corporation. In their property settlement agreement, which was incorporated into their marriage dissolution decree, Martin was awarded all stock in this corporation.

The corporation was a "Sub-Chapter S" corporation pursuant to 26 U.S.C. § 1371 et seq. In 1979, the corporation sustained a net operating loss. Martin claimed this loss as an income tax deduction. He filed an individual return for 1979 and amended joint returns for the three prior years in order to claim a net operating loss carry-back pursuant to 26 U.S.C. § 172. Martin and Bonnie had originally filed joint returns as husband and wife for the carry-back years. Bonnie signed the amended returns. Martin received a tax refund of $11,059.00. The check was made payable to both Martin and Bonnie.

It is not clear from the record how Bonnie obtained possession of the refund check. In any case, after obtaining possession she refused to endorse and surrender the check. On September 30, 1980, Martin filed a complaint which alleged in relevant part that Bonnie was in wrongful possession of the check. He sought $11,059.00 in damages plus interest. In turn, Bonnie counter-claimed alleging the refund was a marital asset. The parties filed cross-motions for summary judgment and Bonnie's was granted.

Martin essentially argues the trial court erred by granting Bonnie's motion for summary judgment and by denying his counter motion.

There is no need for us to discuss whether the trial court erred by determining the refund was marital property. Bonnie's counsel has conceded that it was not marital property stating:

*Counsel for the Husband has correctly pointed out that because the entitlement*

*to the refund did not vest in the parties until after the dissolution of their marriage, the proceeds of the refund are not marital property.* (Emphasis added.).

Appellee's Brief, p. 6.

Bonnie's counsel argues that she is nevertheless entitled to one half the refund because the trial court's decision is a determination of her interest as a "tenant in common" in the refund check. Counsel argues Bonnie "was entitled [under notice pleading] to avail herself of any theory of law which was adequately supported by the evidence." We first note that the authority presented for this position, *State v. Thompson,* (1979) Ind.App., 385 N.E.2d 198, deals with a motion to dismiss, Ind.Rules of Procedure, Trial Rule 12(B)(6), instead of a judgment entered on a theory not presented by the pleadings or a judgment affirmed on appeal on any theory applicable to the case.

In support of the theory that the trial court apportioned the parties interests in common, counsel argues the trial court could have awarded judgment on a theory of quasi-contract for services Bonnie rendered to the mobile home corporation. This argument fails for several reasons.

At trial, Bonnie introduced an affidavit in which she stated that during the last 25 years of her marriage to Martin, she worked without compensation for their corporation serving as "salesperson, secretary, bookkeeper, billing clerk, purchasing agent, and general office help."

■ Taken in context, this evidence does not reveal an issue of quasi-contract, but instead expresses Bonnie's dissatisfaction with the weight given to her contribution to the acquisition and maintenance of marital property in the property settlement agreement. If the settlement agreement was inequitable, she should not have agreed to it. In any case, a collateral attack on the dissolution decree is inappropriate. *Anderson v. Anderson,* (1979) Ind.App., 399 N.E.2d 391, Ind.Code 31–1–11.5–17(a).

■ Also, even if we accept the argument that there is truly an issue of quasi-contract, we may not affirm the trial court's decision on that basis. In this case, we have summary judgment entered on a specific issue and no indication Martin was aware of a quasi-contract claim; therefore, we will not sustain the trial court's judgment on that theory. Our rationale was expressed in *Bahre v. Metropolitan Sch. Dist. Etc.,* (1980) Ind.App., 400 N.E.2d 197, where we stated:

[W]e will not affirm a decision based on a theory argued on appeal, especially when there were findings of fact and conclusions of law, when that theory or basis of recovery was not properly before the trial court.

.     .     .     .     .

The basic test of fairness would indicate that a "party is entitled to some notice that an issue is before the court which has not been pleaded or has not been agreed to in a pre-trial order. (Citations omitted.)

400 N.E.2d 199–200.

Bonnie's counsel also argues she had an "interest" in the refund as a tenant in common because Martin filed an amended joint federal income tax return in order to obtain full credit for the net operating loss. The argument is that Martin had an option either to file jointly and obtain a greater carryback refund, or to file individually to either carryback or carryforward the loss and receive a reduced refund.

In a well written brief, Martin's counsel has explained that under the Internal Revenue Service's interpretation of 26 U.S.C. § 172(b), an individual taxpayer's net operating loss deduction, which is carried back to prior years when a joint return was filed, is considered only in relation to the individual taxpayer's portion of the joint income reported. Expressed another way, the net operating loss carryback deduction will be carried back only to the income that would have been reported by the individual taxpayer if a separate return had been filed. *Rev.Rul. 75–368* as modified by *Rev.Rul. 80–6.*

■ Bonnie has repeatedly emphasized the check was made out jointly to her and

Martin. An affidavit from Martin's accountant explained an amended joint return was filed for administrative convenience. *Rev.Rul. 75–368* clearly states that Martin could have obtained his refund as an individual and that the check should be made payable to the taxpayer:

> Accordingly, the overpayments resulting from the net operating loss belong to taxpayer and his claims for credit or refund of taxes paid for 1967, 1968, and 1971 are valid with his signature only. If any refund is allowed, the check should be made payable to the taxpayer only.

Potential errors by the IRS or Martin's accountant do not affect his interest. Therefore, Bonnie had no interest in the refund under the tax laws and the trial court's judgment cannot be sustained on that basis.

Having determined the trial court erred by granting Bonnie summary judgment on her claim, we turn to Martin's assertion that the trial court erred by failing to grant him summary judgment on his claim.

Our familiar standard of review for summary judgment was expressed in *South v. Colip,* (1982) Ind.App., 437 N.E.2d 494:

> In reviewing the propriety of a summary judgment, the pleadings, deposition, answers to interrogatories, admissions, affidavits, and testimony, if any, are to be construed in favor of the non-moving party and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgment should be granted only where no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. The burden is upon the moving party to demonstrate the absence of any material fact. (Citations omitted.).

437 N.E.2d 498.

There is no factual dispute in the case at bar. The dispute is a legal dispute over whether the tax refund is a marital asset or whether federal tax law gives Bonnie a right to part of the refund. Both issues have been resolved to Bonnie's detriment. Therefore, it was error to deny Martin summary judgment. The refund resulted from a loss he suffered after his marriage was terminated and the loss was applied to his individual income.

The trial court's decision is reversed and this cause is remanded with instructions to enter summary judgment in Martin's favor.

RATLIFF, P.J., and NEAL, J., concur.