**INDIANA & MICHIGAN ELECTRIC COMPANY, Plaintiff-Appellant,**

v.

**TERRE HAUTE INDUSTRIES, INC., Defendant-Appellee.**

No. 1–1283A385.

Court of Appeals of Indiana,
First District.

Aug. 14, 1984.

---

Thomas W. Yoder, C. Erik Chickedantz, Livingston, Dildine, Haynie & Yoder, Fort Wayne, for plaintiff-appellant.

James O. McDonald, Everett, Everett, McDonald & Ireland, Terre Haute, for defendant-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Indiana and Michigan Electric Company appeals from a denial of its motion for summary judgment and the granting of Terre Haute Industries' motion to dismiss.

We reverse the dismissal and reverse in part the denial of summary judgment.

## FACTS

The issues presented in this action appealed from Vigo Circuit Court relate to proceedings presently pending in Gibson Circuit Court. Thus a summary of the facts from the Gibson Circuit Court proceedings is necessary.

In July 1977 Terre Haute Industries (THI) agreed to act as general contractor in the construction of electrostatic precipitators and related items at Indiana and Michigan's (I & M) Fairbanks, Indiana breed generating plant. THI proceeded to hire three subcontractors, Global Lagging, Stanley Electric and Pressure Concrete, to do work on the erection project.

A dispute arose between THI and I & M and on February 22, 1979, I & M terminated its contract with THI. This dispute resulted in a law suit tried in Gibson Circuit Court brought by THI against I & M and included a counterclaim filed by I & M against THI. On January 9, 1984 judgment against I & M and in favor of THI was entered in Gibson County.

During the pendency of the Gibson County action, a dispute arose between THI and I & M regarding monies owed to the three subcontractors. THI refused to pay its subcontractors claiming that I & M was holding retainages pursuant to the contract which included the amounts claimed by the subcontractors. In 1980, I & M communicated to THI that unless it paid the outstanding claims I & M would be forced to pay such claims and include a counterclaim for this amount in the Gibson County action. I & M did in fact pay the subcontractors but never filed the counterclaim. Instead, on April 23, 1982, I & M filed a new action against THI in Allen Circuit Court [1] for the amount it paid the subcontractors based on assignments of claim it received from the subcontractors. THI filed a motion to dismiss this action based on Indiana Rules of Procedure, Trial Rule 12(B)(8), and

---

1. The action was transferred to Vigo Circuit Court pursuant to Indiana Rules of Procedure,

Trial Rule 75(A). Hereinafter this claim will be referred to as the Vigo Circuit Court action.

later argued this second action should have been brought as a compulsory counterclaim in Gibson County. The Vigo Circuit Court sustained THI's motion but failed to state the grounds upon which the order was based. Prior to the ruling on THI's motion, I & M filed a motion for summary judgment claiming the assignments were valid and that no issue of material fact remained concerning the amount of money THI owed the subcontractors. This motion was denied. The denial of I & M's motion as well as the dismissal of its claim is now presented for review.

## ISSUES

Both I & M and THI raise numerous issues for our consideration. Due to our findings, the issues necessary for review are restated as follows:

1. Did the trial court err by granting THI's motion to dismiss?

(a) Was dismissal proper pursuant to T.R. 12(B)(8) which requires that a claim be dismissed when substantially the same cause of action is pending in another state court?

(b) Was dismissal of the present action proper because the issue should have been raised as a compulsory counterclaim in the Gibson Circuit Court action?

(c) Was I & M equitably estopped from suing on the basis of the assignments?

(d) Should the doctrine of laches now preclude I & M's action on the assignments?

2. Did the trial court err by denying I & M's motion for summary judgment?

## DISCUSSION AND DECISION

*Issue One*

■ The order from the trial court did not state the reasons or grounds for dismissal of the claim. Where the grounds for dismissal are not stated in the trial court's entry of judgment, the appellate court must assume that all grounds stated by the moving party supported dismissal. *Constantine v. City-County Council,* (1977) 267 Ind. 279, 281, 369 N.E.2d 636, 638.

■ The first ground for dismissal stated by THI was based on Indiana Rules of Procedure, Trial Rule 12(B)(8). Trial Rule 12(B)(8) states that dismissal is appropriate where the same action is pending in another state court of this state. The determination of whether two actions being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. *State ex rel. International Harvester Co. v. Allen Circuit Court,* (1976) 265 Ind. 175, 178, 352 N.E.2d 487, 489; *Thrasher v. Van Buren Township of Monroe County,* (1979) Ind.App., 394 N.E.2d 215. This outcome determinative test requires that one of two contemporaneous law suits be dismissed where the parties, subject matter, and remedies are substantially the same in both suits. *Id.* The subject matter of the Vigo Circuit Court action involved the contractual relationship between THI and its subcontractors. In contrast, the Gibson County action was tried to determine the contractual relationship between THI and I & M. Clearly, the subject matter of the two suits differs.

■ THI argues that the matter now before this court was litigated as an issue in Gibson Circuit Court. While evidence of the subcontractor's claims was introduced by THI into the Gibson County action it was done for a limited purpose. When the evidence was tendered the following exchange took place:

"Q. And do these ... in these letters does ... do they deal with the question of the retention of the subcontractor of Terre Haute Industries, the same three contractors that are listed on the purchase orders.

A. Yes, they do. They deal with the same three contractors.

MR. GOODWIN [Counsel for THI]: Will offer in evidence Plaintiff's Exhibits 298, 299, and 300.

MR. YODER [Counsel for I & M]: To which the Defendants object, Your Hon-

or, on the ground that these are irrelevant, and also because the matters stated therein are the subject matter of a separate lawsuit pending in another Court. COURT: I don't see the relevancy. MR. GOODWIN: *Ah, they again go to this same issue of percentage of completion, and I will tie that up.* [Emphasis supplied.]"

Record at 194–95. Even if this constituted the litigation of an issue that is common to the Gibson and Vigo county actions, it still is not a bar to the entire claim now brought by I & M. *Middelkamp v. Hanewich,* (1977) 173 Ind.App. 571, 585, 364 N.E.2d 1024, 1033, *trans. denied.* Furthermore, the introduction of the subcontractor's claims in the Gibson County action was merely for the purpose of showing the percentage of work done under the THI–I & M contract. Matters which are incidental to, and not necessary for, the adjudication of a previous action may be raised in a subsequent suit. *Peterson v. Culver Educational Foundation,* (1980) Ind.App., 402 N.E.2d 448, 461. Trial Rule 12(B)(8) therefore, does not support the dismissal of I & M's claim.

■ A related argument raised by THI for dismissal of the Vigo County action is that I & M's present claim is barred because it should have been raised as a compulsory counterclaim in Gibson Circuit Court. A compulsory counterclaim is "any claim which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the same transaction or occurrence." Indiana Rules of Procedure, Trial Rule 13(A). In the present case both parties admit that the assignment of the subcontractor's claims to I & M did not take place at any time near the pleading stage of the Gibson County action. (*See* appellant's brief at 37–38 and appellee's brief at 13–14.) I & M filed its answer to THI's complaint on August 27, 1979. The assignments did not take effect until July 1981. (Record at 42–53.) If a claim is not mature at the time an answer is filed it cannot be a compulsory counterclaim but is, at most, a permissive counter-

claim. *Rees v. Panhandle Eastern Pipeline Co.,* (1983) Ind.App., 452 N.E.2d 405, 408, *trans. denied.* "By its own language, [T.R. 13(A)] does not require parties to plead counterclaims which have not matured at the time they plead *even* if the claim arises from the same transaction or occurrence." (Emphasis original.) *See* 6 Wright & Miller, *Federal Practice and Procedure* § 1411 (1971); *Daube and Cord v. LaPorte County Farm Bureau,* (1983) Ind.App., 454 N.E.2d 891, 893. I & M's claim on the assignment was not mature at the time it answered the complaint in the prior action and was, therefore, not a matter required to be raised as a compulsory counterclaim. Thus, THI's contention that the present action is barred pursuant to T.R. 13(A) does not support dismissal.

■ Two further arguments set forth by THI are that I & M is now estopped to bring the present action and also that it is barred by laches. Neither of these arguments were raised by THI in its motion to dismiss and surfaced for the first time in the appellee's brief. While an appellate court will affirm a lower court's ruling on any theory supported by the evidence this rule is not without limitation. *See Goodyear v. Goodyear,* (1982) Ind.App., 441 N.E.2d 498, 500; *Bahre v. Metropolitan School District,* (1980) Ind.App., 400 N.E.2d 197, 199. Equitable estoppel and laches are fact-sensitive issues and, when raised by a party for the first time on appeal, this court is without the benefit of any guidance from the trier of fact. In *Goodyear* the appellate court did not allow an appellee to argue a theory that was never presented to the trial court. *Goodyear,* 441 N.E.2d at 500. The court stated that it offended basic fairness to affirm a trial court's judgment on a theory which opposing counsel was not able to address during the hearing on the summary judgment motion. *Id. See also, Bahre,* 400 N.E.2d at 199–200. In the present case the appellee raises the theories of estoppel and laches for the first time on an appeal of an

order granting a motion to dismiss.[2] We believe, especially in light of the fact-sensitive nature of these two theories, that it would be unfair for us to affirm the trial court's judgment on a theory which I & M was able to oppose for the first time in its reply brief.

In view of our refusal to review THI's arguments of estoppel and laches, the only theories remaining that could have supported the dismissal of I & M's Vigo Circuit Court action are T.R. 12(B)(8) and compulsory counterclaim. We, therefore, find that the trial court erred in granting THI's motion to dismiss since neither of these theories apply in the present case.

*Issue Two*

The next issue concerns the merits of the present action. I & M's action is for money originally owed by THI to the subcontractors for work performed prior to the termination of the contract between I & M and THI. I & M argues it has a right to this money because it paid the subcontractors for the work performed and in return received an assignment of the subcontractor's claims against THI. (I & M's complaint Record at 29–33.) I & M claims that the trial court erred in denying its motion for summary judgment as no issue of material fact remains concerning the merits of the Vigo Circuit Court action.

I & M initially contends the assignments were valid and enforceable. To support its position I & M submitted sworn copies of the assignment duly executed and affidavits from each subcontractor stating that certain work was performed pursuant to agreement with THI. Record at 142–177. The affidavits were submitted by individuals competent to testify at trial. The assignments would be admissible as evidence and are therefore proper for our consideration. *Dubois County Machine Co. v. Blessinger,* (1971) 149 Ind.App. 594, 274 N.E.2d 279. When a motion for summary judgment is sufficiently supported by such evidence it must be countered by evidence or affidavits tending to show the existence of a genuine issue of material fact. *Coghill v. Badger,* (1982) Ind.App., 430 N.E.2d 405, 406, *trans. denied.* THI has neither provided any evidence nor do we find any in the record which challenges the validity of the assignments.

Since we have determined that the assignments were valid we must also conclude that THI owes I & M a certain amount of money. THI never disputed that it owed the subcontractors for work performed. In its response to I & M's motion for summary judgment THI referred to statements made by its counsel during the hearing on THI's motion to dismiss that made it clear that THI admitted it owed money to the subcontractors. Record at 382. Because the validity of the assignments is unquestioned and because THI admitted it owed money to the subcontractors, we must conclude that the assignments operated to shift THI's undenied liability from the subcontractors to I & M.

THI never filed a responsive pleading in the Vigo County action and now argues that it must be allowed to file an answer to dispute the validity of the assignments and its liability. We disagree. Indiana Rules of Procedure, Trial Rule 56(A) states that a party may file a motion for summary judgment twenty days after the commencement of the action. In Indiana, a suit commences on the filing of a complaint. Indiana Rules of Procedure, Trial Rule 3. I & M, as plaintiff, was clearly justified in moving for summary judgment prior to THI's answer as the motion was filed well after the twenty day

---

**2.** I & M argues that we must review the lower court's ruling on its motion to dismiss as converted to a motion for summary judgment. Because the only two theories before the trial court when it ruled on the motion were questions of law (whether the same action was pending in another state court and whether the present claim was a compulsory counterclaim in the Gibson County action) we do not feel it is necessary to decide whether this case is on review as a motion to dismiss or for summary judgment since our standard on review of legal determinations is the same in either case. We must determine whether the trial court erred in its application of the law. *Brokus v. Brokus,* (1981) Ind.App., 420 N.E.2d 1242, 1245.

period. 10 Wright and Miller, *Federal Practice and Procedure* § 2717 (1983). THI had an obligation to respond to the matters put in issue by I & M's motion and cannot now complain that it should be allowed to file an answer. *Id.*

I & M finally argues that the amount of its claim under the assignment is undisputed and that therefore summary judgment is appropriate. I & M attempts to support its position by reference to statements made at the hearing by THI's counsel. Counsel for THI described the subcontractors claims by using round figures. Record at 380. We believe such use of round figures, in the context of the statement, indicates a genuine dispute as to the amount of the claim. All close questions on review of denial of a motion for summary judgment should be resolved in favor of the non-moving party. *Indianapolis Public Transportation Corp. v. Amalgamated Transit Union, Local 1970*, (1981) Ind.App., 414 N.E.2d 966. Furthermore, it is clear from THI's response to I & M's motion for summary judgment and from I & M's brief that neither party agrees as to the amount due. (*See* Record at 185 and appellant's brief at 41.) Therefore, a genuine issue of material fact did exist as to the amount owing I & M.

We therefore find that partial summary judgment should have been ordered finding the assignments valid and THI liable to I & M as assignee. We affirm the trial court to the extent that a genuine issue of material fact exists regarding the amount of I & M's claim. Furthermore, we vacate the trial court's dismissal and remand for a determination of the amount due.

NEAL, P.J., and ROBERTSON, J., concur.