LACKMOND PRODUCTS, INC.,
Appellant–Plaintiff,

v.

CONSTRUCTION SUPPLY, INC.,
Appellee–Defendant.

No. 49A02–9706–CV–399.

Court of Appeals of Indiana.

Feb. 20, 1998.

Scott A. Wharton, Marietta, GA, Mark R. Smith, Kimberly E. Howard, Smith & Bemenderfer, Indianapolis, for Appellant–Plaintiff.

Kurt F. Pantzer, Indianapolis, for Appellee–Defendant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

On August 6, 1996, Lackmond Products, Inc. ("Lackmond")[1] filed a claim for breach of contract against Construction Supply, Inc. ("CSI"). CSI moved to dismiss, arguing that Lackmond lacked the capacity to bring the action since it was a foreign corporation allegedly "transacting business" in Indiana without a certificate of authority from the Indiana Secretary of State. After a hearing, the court dismissed the suit, and Lackmond now appeals. The sole issue presented for our review is whether the trial court erred when it granted CSI's motion to dismiss.

We reverse.

### FACTS

Lackmond is incorporated in Georgia where it operates its only office and warehouse. Lackmond sells goods to Indiana customers in one of two ways: (1) by soliciting orders through an independent contractor, JM Associates, Inc. ("JM"), an Ohio corporation; and (2) by receiving purchase orders from customers by telephone or facsimile at its Georgia office. In either event, upon receipt of an order, Lackmond ships the ordered goods from its Georgia warehouse to the customer in Indiana.

In the spring of 1996, CSI placed several orders with Lackmond, both directly and through a JM sales representative. Lackmond then shipped the goods to CSI at various locations in Indiana. In August of 1996, Lackmond filed suit against CSI for allegedly failing to pay for the goods. CSI maintains that Lackmond lacks the capacity to bring the action because Lackmond allegedly transacts business in Indiana but has not obtained an Indiana certificate of authority. *See* IND.CODE § 23–1–49–2(a).

### DISCUSSION AND DECISION

A foreign corporation may not "transact business" in Indiana until it obtains a certificate of authority from the secretary of state. IND.CODE § 23–1–49–1(a). Indiana Code § 23–1–49–2(a) further states that a foreign corporation transacting business in Indiana without a certificate of authority may not maintain a proceeding in any court in Indiana until it obtains a certificate of authority. However, under Indiana Code 23–1–49–1(b),[2] the following activities, among others, do not constitute transacting business within the meaning of Indiana Code § 23–1–49–1(a):

---

1. Scott A. Wharton, Lackmond's attorney, is a member of the Georgia bar and was admitted pro hac vice before both the trial court and this court.

2. The Code does not specifically define "transacting business" but, instead, sets forth a nonexhaustive list of activities that do not constitute transacting business. IND.CODE § 23–1–49–1(b). It is incumbent upon the moving party to demonstrate that a foreign corporations's conduct falls outside the enumerated exclusions.

* * * * *

(5) Selling through an independent contractor.

(6) Soliciting or obtaining orders, whether by mail or through employees or agent or otherwise, if the orders require acceptance outside Indiana before they become contracts.

* * * * *

(11) Transacting business in interstate commerce.

A foreign corporation's incapacity to sue must be plead and proven as an affirmative defense under Trial Rules 9(A) and 8(C). *Vanco v. Sportsmax, Inc.,* 448 N.E.2d 1198, 1200 (Ind.Ct.App.1983). Here, CSI asserts that Lackmond's conduct was "more regular, systematic or extensive than interstate sales activities described in" Indiana Code § 23–1–49–1(b). However, CSI has failed to support that contention. Instead, the undisputed evidence shows that Lackmond does not operate any office or warehouse in Indiana or employ any Indiana residents. As previously stated, Lackmond solicits purchase orders by a sales representative employed by JM, Lackmond's independent contractor and through customer-placed purchase orders sent to Lackmond's Georgia office by phone or facsimile. Contrary to CSI's arguments, those activities are specifically excluded from the definition of transacting business. IND.CODE § 23–1–49–1(b)(5) and (6). In addition, the unrefuted evidence shows that Lackmond's sales contracts are necessarily formed in Georgia when Lackmond accepts the order by shipping the requested inventory to Indiana from its Georgia warehouse.[3] *See* IND.CODE § 26–1–2–206 (acceptance of sales contract may occur upon prompt shipment of conforming goods).

■ CSI has not presented any evidence demonstrating that Lackmond's conduct falls outside the exclusions listed by Indiana Code § 23–1–49–1(b). Lackmond is engaged only in interstate commerce with Indiana and,

thus, is not required to obtain a certificate of authority to bring its action against CSI. We conclude that the trial court erred when it dismissed Lackmond's action. *See Ind. & Mich. Elec. Co. v. Terre Haute Indus.,* 467 N.E.2d 37, 42 (Ind.Ct.App.1984) (standard of review for a motion to dismiss is whether the trial court erred in its application of law).

Reversed.

BAKER and RILEY, JJ., concur.

---

**3.** Neither party introduced a representative purchase order into evidence. However, CSI did introduce copies of Lackmond's sales invoices, which accompanied each shipment to CSI, to show that the purchase orders did not require acceptance outside Indiana before they became contracts. *See* IND.CODE § 23–1–49–1(b)(6). We do not to see the relevance of the invoices issued after contract formation, i.e., after Lackmond's acceptance of CSI's offer to purchase.