## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 19 2017, 9:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS *PRO SE*

Michael Francis
Carmen Jay Francis
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

David J. Jurkiewicz
Christina M. Bruno
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Francis and Carmen Jay Francis,

*Appellants-Defendants,*

*v.*

EMC Mortgage, LLC, successor by merger to EMC Mortgage Corporation,

*Appellee-Plaintiff.*

April 19, 2017

Court of Appeals Case No. 49A02-1604-MF-830

Appeal from the Marion Superior Court

The Honorable Timothy W. Oakes, Judge

Trial Court Cause No. 49D02-0706-MF-23133

**Bradford, Judge.**

# Case Summary

In 1994, Appellants-Defendants Michael and Carmen Jay Francis executed a promissory note ("the Note") and a mortgage ("the Mortgage," collectively, "the Loan Documents") on their Indianapolis home ("the Property") in favor Accubanc Mortgage Corporation. When the Note matured in 2001, the Francises failed to satisfy the outstanding balance. By 2007, the Loan Documents had been assigned to EMC Mortgage Corporation, who filed suit to foreclose on the Mortgage. Eventually, EMC Mortgage Corporation was succeeded by merger by Appellee-Plaintiff EMC Mortgage, LLC ("EMC"). In 2016, the trial court granted EMC's summary judgment motion, ordered the sale of the property to satisfy the Francises' debt, and denied the Francises' counterclaims.

The Francises argue that (1) EMC lacks standing to enforce the Loan Documents, (2) EMC's foreclosure action is barred by the applicable statute of limitations, (3) the entire case was disposed by a 2012 order withdrawing the case from the trial court in which it was originally filed, (4) the trial court erroneously denied the Francises the opportunity to respond to an EMC motion for partial summary judgment, and (5) the trial court erroneously failed to conduct a hearing on EMC's claims before entering judgment in its favor. Because we find the Francises' claims to lack merit, we affirm.

# Facts and Procedural History

[3] On October 26, 1994, the Francises owned the Property at 4904 North Winston Drive in Indianapolis and executed, in Accubanc's favor, the Note (in the amount of $113,200.00) and the Mortgage, granting Accubanc a security interest in the Property. Pursuant to the terms of the Note, the maturity date, on which all outstanding amounts became due and payable, was November 1, 2001. The Mortgage was recorded in the Marion County Recorder's Office on November 1, 1994. Accubanc later assigned the Note to Bank United of Texas, FSB, and, on February 1, 1997, also assigned the Mortgage to Bank United. Washington Mutual Bank, FA, successor by merger to Bank United, assigned the Loan Documents to EMC Mortgage Corporation on December 22, 2003. On August 13, 2013, in response to the Francises' claims that the Mortgage had been assigned to the Federal National Mortgage Association ("FNMA"), FNMA quit-claim assigned any interest it may have had in the Mortgage to EMC Mortgage Corporation ("the 2013 Assignment"). At some point, EMC Mortgage Corporation was succeeded in merger by EMC, and the trial court granted EMC's motion to substitute plaintiff on September 15, 2015.

[4] Meanwhile, the Francises had failed to pay the outstanding balance on the Note when it came due on November 1, 2001. On May 29, 2007, EMC Mortgage Corporation filed a complaint to foreclose on the Mortgage due to the Francises' failure to make payments pursuant to the Note. On September 17, 2007, the Francises filed their answer, affirmative defenses, and counterclaims. On April 9, 2012, EMC Mortgage Corporation filed a motion to strike or for

partial summary judgment as to certain claims and a designation of evidence. On May 7, 2012, the Francises filed a praecipe for withdrawal pursuant to Indiana Trial Rule 53.1, and on May 25, 2012, the Indiana Supreme Court vested jurisdiction in Marion Superior Court Judge Timothy W. Oakes. On May 20, 2013, the trial court granted EMC Mortgage Corporation's partial summary judgment motion.

[5] On October 23, 2013, EMC Mortgage Corporation moved for leave to amend its complaint, seeking to incorporate the 2013 Assignment, which motion the trial court granted. On May 28, 2015, EMC Mortgage Corporation filed a summary judgment motion on its complaint. On February 8, 2016, the trial court held a hearing on what was now EMC's summary judgment motion, at which EMC appeared through counsel and Carmen Jay Francis appeared in person. On February 17, 2016, the trial court granted EMC's summary judgment motion, entered *in rem* judgment against the Property in in the sum of $248,709.74, ordered that the Property be sold to satisfy the judgment, and entered judgment in favor of EMC on all of the Francises' remaining counterclaims.

# Discussion and Decision

[6] The Francises appeal from the trial court's February 17, 2016, grant of summary judgment in favor of EMC. When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court. *Merchs. Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 386 (Ind.

Ct. App. 2000). Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Merchs. Nat'l Bank*, 741 N.E.2d at 386. To prevail on a motion for summary judgment, a party must demonstrate that the undisputed material facts negate at least one element of the other party's claim. *Id.* Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* The party appealing the summary judgment bears the burden of persuading us that the trial court erred. *Id.* The Francises seem to make the following arguments:[1] EMC's designated evidence has failed to establish that it is entitled to enforce the Loan Documents, EMC's December 12, 2013, amended complaint is barred by the applicable statute of limitations, the case was "disposed of" by the Indiana Supreme Court's 2012 ruling on their praecipe for withdrawal, they were denied the opportunity to respond to the EMC motion for partial summary judgment, and the trial court erroneously failed to conduct a hearing on EMC's summary judgment motion.

---

[1] EMC also contends that all of the Francises' claims should be rejected for failure to present cogent arguments. It is well settled that we will not consider an appellant's assertion on appeal when he or she has not presented cogent argument supported by authority and references to the record as required by the rules. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). We will not become an advocate for a party, and we will not address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood. *Id.* Although not artfully presented, we believe that the Francises' arguments are sufficiently developed to address on the merits.

# I. EMC's Standing to Enforce the Loan Documents

## A. Whether EMC May Enforce the Loan Documents in General

Although EMC offers many reasons why it may enforce the Loan Documents, the narrowest ground on which we might resolve this issue is its argument that the Francises do not have standing to challenge its right to enforce based on an allegedly faulty chain of assignment. Although the issue does not seem to have been squarely addressed in Indiana, "[c]ourts have routinely found that a debtor may not challenge an assignment between an assignor and assignee." *Bridge v. Aames Capital Corp.*, 2010 WL 3834059, at *3 (N.D. Ohio Sept. 29, 2010); *see also, e.g.*, *Liu v. T&H Mack, Inc.*, 191 F.3d 790, 797 (7th Cir. 1999) (concluding that party to underlying contract lacks standing to "attack any problems with the reassignment" of that contract), RICHARD A. LORD, 29 WILLISTON ON CONTRACTS § 74:50 (4th Ed.) ("[T]he debtor has no legal defense [based on invalidity of the assignment] … for it cannot be assumed that the assignee is desirous of avoiding the assignment.").

As the United States Bankruptcy Court for the Eastern District of Pennsylvania has reasoned,

> [The underlying contract] is between [Debtor] and [Assignor]. [Assignor's] assignment contract is between [Assignor] and [Assignee]. The two contracts are completely separate from one another. As a result of the assignment of the contract, [Debtor's] rights and duties under the [underlying] contract remain the same: The only change is to *whom* those duties are owed…. [Debtor] was not a party to [the assignment], nor has a

> cognizable interest in it. Therefore, [Debtor] has no right to step
> into [Assignor's] shoes to raise [its] contract rights against
> [Assignee]. [Debtor] has no more right than a complete stranger
> to raise [Assignor's] rights under the assignment contract.

*Ifert v. Miller*, 138 B.R. 159, 166 n.13 (E.D. Pa. 1992).

We find the above authority to be persuasive and adopt the proposition that a borrower does not have standing to challenge an allegedly invalid assignment of the right to collect the borrower's debt. Regardless of any assignments of the Note, the Francises' rights and duties remained the same. Even assuming, *arguendo*, that there is some conflict regarding who actually possesses the right to enforce the Loan Documents, that is between the various claimants to the that right and does not involve the Francises. The Francises do not have standing to challenge an allegedly invalid assignment of the Loan Documents to EMC.

## B. Whether EMC May Enforce the Loan Documents in Indiana

The Francises also argue that EMC may not enforce its rights pursuant to the Loan Documents because it is not authorized to conduct business in Indiana as either a foreign business or a collection agency.

> A foreign corporation may not "transact business" in Indiana
> until it obtains a certificate of authority from the secretary of
> state. Ind. Code § 23-1-49-1(a). Indiana Code § 23-1-49-2(a)
> further states that a foreign corporation transacting business in
> Indiana without a certificate of authority may not maintain a
> proceeding in any court in Indiana until it obtains a certificate of
> authority.

....

> A foreign corporation's incapacity to sue must be plead and proven as an affirmative defense under Trial Rules 9(A) and 8(C). *Vanco v. Sportsmax, Inc.,* 448 N.E.2d 1198, 1200 (Ind. Ct. App. 1983).

*Lackmond Prod., Inc. v. Constr. Supply, Inc.*, 691 N.E.2d 494, 495-96 (Ind. Ct. App. 1998). Indiana Code section 23-1-49-2(b), however, contains a non-exhaustive list of activities that do not constitute "transacting business" in the State of Indiana and includes "[s]ecuring or collecting debts or enforcing mortgages and security interests in property securing the debts." Ind. Code § 23-1-49-2(b)(8). Because the act of enforcing rights pursuant to the Loan Documents does not constitute transacting business, whether EMC has secured a certificate of authority is irrelevant. The Francises have failed to establish that EMC cannot enforce its rights pursuant to the Loan Documents.

## II. Statute of Limitations

[11] The Francises also appear to argue that EMC's amended complaint is barred by application of the relevant statute of limitations for mortgage foreclosures, which requires that such actions be brought within ten years of the date of the final payment. *See* Ind. Code § 32-28-4-1(b) ("An action may not be brought in the courts of Indiana to foreclose a mortgage or enforce a vendor's lien reserved by a person to secure the payment of an obligation secured by the mortgage or vendor's lien if the last installment of the debt secured by the mortgage or vendor's lien, as shown by the record of the mortgage or vendor's lien, has been due more than ten (10) years."). Furthermore, Indiana Rule of Trial Procedure

15(C) provides, in part, that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

[12] The record indicates that the Note matured on November 1, 2001, which gave the holder of the Loan Documents until October 31, 2011 to file a foreclosure action. EMC's predecessor in interest EMC Mortgage Corporation filed its original complaint on May 29, 2007, well within the statutory period. EMC Mortgage Corporation's amended complaint was filed on December 12, 2013, and, although it added exhibits that would tend to show a chain of assignment from Accubanc to EMC Mortgage Corporation, is based on exactly the same conduct as the original complaint, *i.e.*, the Francises' failure to pay off the Note upon maturity. Because EMC Mortgage Corporation's amended complaint clearly relates back to its original complaint, the Francises have failed to establish a violation of the applicable statute of limitations.

## III. The Francises' Other Arguments

[13] The Francises seem to argue that the record establishes that (1) the entire lawsuit was resolved the Indiana Supreme Court's 2012 ruling on their praecipe of withdrawal, (2) the trial court erroneously deprived them of the opportunity to present an argument, and (3) the trial court erred in not holding a hearing on EMC's summary judgment motion.

## A. Praecipe for Withdrawal

[14] The Francises argue that neither the trial court nor this court have jurisdiction over this matter due to a May 15, 2012, notation on the chronological case summary ("CCS") indicating that the "case status is changed from open to disposed." Appellee's App. Vol. II p. 14. It is apparent, however, that the case was "disposed" of only in the sense that it was withdrawn from Marion Circuit Court Judge Louis F. Rosenberg (upon the Francises' motion) for the appointment of a special judge. Indeed, the very next entry in the CCS reflects an order from the Indiana Supreme Court vesting jurisdiction in Marion Superior Court Judge Timothy W. Oakes, and an entry on July 3, 2012, indicates that the case had been redocketed. The Francises' claim in this regard is without merit.

## B. Deprivation of Opportunity to Present Argument

[15] The Francises argue that they were denied the opportunity to present argument opposing an EMC Mortgage Corporation motion for partial summary judgment. This argument is based on the following two entries in the CCS:

05/20/2013  Notice Issued

The court having read briefs and heard oral arguments on Plaintiff's; April 9, 2013 Motion for Partial Summary Judgement [sic] hereby Grants said Motion. Plaintiff to provide orders.

05/22/2013  Hearing Journal Entry

THE COURT HAVING READ BRIEFS AND HEARD ORAL ARGUMENTS ON PLAINTIFF; 4/9/13 MOTION FOR PARTIAL SUMMARY

JUDGMENT HEREBY GRANTS SAID
MOTION. PLAINTIFF TO PROVIDE ORDERS.

Judicial Officer: Oakes, Timothy Wayne

Hearing Date: 05/16/2013

Appellee's App. Vol. II p. 18.

[16] The Francises argue that they were never served with an EMC Mortgage Corporation motion for partial summary judgment allegedly filed on April 9, 2013, and were not notified to appear at any hearing held on May 16, 2013. While this is true, that is only because the record clearly indicates that no such motion was filed and no such hearing was held. A CCS entry also made on May 22, 2013, corrects the typographical errors in the above two entries: "Hearing Journal Entry/Per Jacket Entry: The Court having read Briefs and heard oral arguments 11/29/12 on Plaintiff's 4/9/12 Motion for Partial Summary Judgment hereby GRANTS said Motion. Plaintiff to provide Orders. File Stamp: 05/16/2013[.]" Appellee's App. Vol. II p. 18. The Francises point to nothing else in the record to support their argument, and, therefore, have not established that they were denied the opportunity to be heard on an EMC Mortgage Corporation motion for partial summary judgment.

## C. Whether the Trial Court Denied the Francises a Hearing

[17] Finally, the Francises argue that the trial court erroneously entered default judgment against them without holding a hearing. First, although the Francises rely on Trial Rule 55, which addresses default judgments, EMC did not seek and was not granted default judgment against the Francises; Trial Rule 55

simply has no bearing on this case. Moreover, the record clearly indicates that the trial court did hold a hearing on EMC's summary judgment motion on February 8, 2016, which was attended by counsel for EMC and Carmen Jay Francis. The Francises seem to argue that the hearing was somehow invalid without Michael's presence, but point to no authority that supports this proposition. The Francises have failed to establish that the trial court erroneously denied them a hearing.

[18]    We affirm the judgment of the trial court.

Najam, J., and Riley, J., concur.