Hillsborough,
No. 5226.

ALICE BOURDON *v.* ROBERT J. BOURDON.

Argued April 9, 1964.
Decided July 1, 1964.

*William Maynard*, Attorney General, *Alexander J. Kalinski*, Assistant Attorney General, and *George L. Manias*, Assistant to the Attorney General (*Mr. Manias* orally), for the plaintiff.

*William D. Tribble* and *David J. KillKelley* (*Mr. KillKelley* orally), for the defendant.

KENISON, C. J. The defendant contends that the petition for support under the Uniform Reciprocal Enforcement of Support Act (RSA ch. 546 (supp); Laws 1959, 271:1) should be dismissed for several reasons. It is argued by the defendant that "the right of visiting the children must be available to the respondent before a petition for support can be presented." The right of a parent to visitation is an important one and should not be denied without good cause. *Butler* v. *Butler*, 83 N. H. 413. However the right is not an absolute one and the duty to support continues and may be enforced even though the mother is residing with the children in another jurisdiction. *Guggenheimer* v. *Guggenheimer*, 99 N. H. 399, 403. In the present case it appears from the Probation Department's report to the Court, which is a part of this record, that the defendant

is "unable to care for his children at his home here in this State nor is he able to financially care for them here." This leaves a hollow ring to the defendant's further contention that if the children are returned to New Hampshire, he will support them. The right of a father to visit his children on his own terms or only in the state where he resides is not a prerequisite to the enforcement of a support order either under the Uniform Act or divorce laws of this state.

Although the Uniform Reciprocal Enforcement of Support Act is aimed at preventing runaway fathers from escaping their obligations, it is not limited to that one objective. This is evident from RSA 546:9 (supp) which provides that "all duties of support . . . are enforceable by petition irrespective of the relationship between the obligor and the obligee." RSA 546:4 (supp) also provides that "duties of support arising under the law of this state . . . bind the obligor, present in this state, regardless of the presence or residence of the obligee." The Uniform Act is a proper remedy to enforce a duty of support whether the father flees or not. "The Act applies to any situation where there is a breach of a duty of support and the flight of the father is not a controlling fact." Brockelbank, Interstate Enforcement of Family Support 60 (1960).

The remedies under the Uniform Act ". . . are in addition to and not in substitution for any other remedies." RSA 546:3 (supp); Annot. 42 A.L.R. 2d 768. The modification agreement in 1956 suspending payments by the defendant until the plaintiff returns with the children to New Hampshire is not a bar to the present proceeding. The plaintiff undertook to support her children in Utah and while she was able to do so payments by the defendant were suspended. Now that she is receiving welfare assistance in Utah, this is a change of circumstances which warrants revision of orders for support and custody by the court of this state under its continuing authority. RSA 458:14; *Mauzy* v. *Mauzy*, 97 N. H. 514.

RSA 546:30 (supp) reads as follows: "APPLICATION OF PAYMENTS. No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." It is contended this prevents the New Hampshire court from changing its previous decree of 1956 or making any new decree for support. This

section of the Uniform Act is muddy in meaning. Ehrenzweig, Conflict of Laws 271, 277-278 (1962). However the draftsmen of this section could not have intended an "absurd result" (Ehrenzweig, *supra*) and in support proceedings in this jurisdiction we have attempted to avoid this pitfall in related situations. *State* v. *Cote*, 104 N. H. 345, 348. In the present case the court reduced the weekly payment from twenty to ten dollars, made no finding that the defendant was in arrears, and ordered payments to be made in the future. This order did not "supersede any other order of support" as that phrase is used in RSA 546:30 (supp). See *Keene* v. *Toth*, 335 Mass. 591. The motion to dismiss the petition for support was properly denied by the Trial Court.

*Exceptions overruled.*

All concurred.