## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Barbara Selph (Huddleston) Long

v.

Walter Leonard Huddleston

May 7, 1969

By JUDGE A. CHRISTIAN COMPTON

Upon the question of the duty of the father to support his minor child which has been removed by the mother to another state, and the observation by Mr. Moss that the local practice has been to relieve the father of this duty when the child is removed, you may be interested in Code Section 20-88.15 which provides in part that "The duty of support imposed by the laws of this State . . . bind the obligor (father) *regardless of the presence or residence of the obligee* (child)." (Italics supplied) This provision of the Uniform Reciprocal Enforcement of Support Act is relied on in the case of *Bourdon* v. *Bourdon*, 201 A.2d 889, 891 (N.H. 1964), which holds that the duty to support continues even though the mother is residing with the child in another jurisdiction. See also 2 Nelson on Divorce and Annulment (1961 Rev. Vol.), Sections 15.20 and 15.26.

As to the power of the Court to relieve the husband of the obligation to pay the arrearage in support money, counsel for the defendant may wish to review the case of *Cofer* v. *Cofer*, 205 Va. 834, 837, et seq. (1965), which holds that the Court lacks such authority since the payments become vested when due.