309 N.E.2d 167 (1974)
Sarah (Mathers) BANTON, Appellant,
v.
Donald MATHERS, Appellee.
No. 2-772A35.
Court of Appeals of Indiana, Third District.
April 2, 1974.
As Modified on Denial of Rehearing May 14, 1974.
Wireman & Heid, Lafayette, for appellant.
George E. Weigle, Lafayette, for appellee.
STATON, Judge.

I.

STATEMENT ON THE APPEAL
Sarah Banton and Donald Mathers were divorced. Their divorce decree provided that Donald Mathers pay $100.00 per week for the support and maintenance of his children. He failed to pay the support and moved from Indiana to Oklahoma. Sarah Banton filed a complaint to obtain support payments under the provisions of the Uniform *168 Reciprocal Enforcement of Support Act.[1] Donald Mathers' duty to support was certified by Indiana, as the initiating state under the Act, and sent to Oklahoma, the respondent state under the Act, where Donald Mathers was ordered to pay $200.00 support per month. Several years later when Donald Mathers returned to Indiana, Sarah Banton filed an application for a contempt citation which was based upon the original support order. Donald Mathers filed his petition for modification of the divorce decree. Before any final action was taken upon either of these petitions filed in Indiana, Donald Mathers obtained a further modification of the Oklahoma support order which reduced his previous $200.00 per month support payment to $150.00. When the Indiana trial court considered the contempt and modification petitions, it concluded that the Oklahoma support order had modified the support provision in the original Indiana divorce decree. Assuming that it had to give full faith and credit to the Oklahoma support order, the trial court adopted the $150.00 per month support order and found that Donald Mathers had an arrearage of $2,152.50.
Sarah Banton filed her motion to correct errors which raises this issue for our determination on appeal:
Did the Oklahoma support orders issued pursuant to the Uniform Reciprocal Enforcement of Support Act modify or supersede the original divorce decree support provision?
Our opinion concludes that the Oklahoma support order did not modify or supersede the original Indiana divorce decree support provision. This provision remained in full force until modified by the Indiana court. Any payments made under the Oklahoma support order would be credited to this support obligation. Full faith and credit is not applicable to support orders rendered under the Uniform Reciprocal Enforcement of Support Act. We reverse the trial court's judgment.

II.

STATEMENT OF THE FACTS
Sarah Banton and Donald Mathers were divorced in the Superior Court of Tippecanoe County on February 6, 1968. The court's divorce decree provided among other things that Donald Mathers was to pay $100.00 per week for the support and maintenance of his minor children. Shortly after the divorce, Donald Mathers left the State of Indiana. He did not pay the support payments. Donald Mathers was located in Oklahoma, and Sarah Banton filed a complaint to obtain support under the provisions of the Uniform Reciprocal Enforcement of Support Act, I.C. 1971, 31-2-1-7 et seq. (Burns Code Ed.) See I.C. 1971, 31-2-1-7 through I.C. 1971, XX-X-X-XX (Burns Code Ed.). After the Indiana court found a duty to support, the action was certified to Oklahoma. The Ottawa County District Court in Miami, Oklahoma rendered an order on August 7, 1969 which provided that Donald Mathers make support payments in the sum of $200.00 per month.
Several years later when Donald Mathers was returning to Indiana for a visit, he was served with a contempt citation which had been filed by Sarah Banton. This contempt citation was predicated upon the original 1968 divorce decree. Donald Mathers filed his petition for modification of the 1968 divorce decree. During the pendency of the contempt and modification matters in Indiana, the Oklahoma court, acting upon a petition for modification filed by Donald Mathers, rendered a second support order which provided that Donald Mathers pay $150.00 per month. When the Indiana trial court considered the contempt and modification petitions, it found that Donald Mathers was not in contempt *169 but it determined his support arrearage to be in the sum of $9,700.00. Donald Mathers filed his motion to correct errors which was based upon new evidence, the Oklahoma support orders. The trial court granted this motion to correct errors and conducted a second hearing. The following judgment was rendered and is the basis of the issue to be considered here on appeal:
"Comes now the plaintiff in person and by Lewis T. Wireman her attorney and comes also the defendant in person and by George E. Weigle his attorney. This cause is submitted and evidence and argument of counsel is heard with regard to defendant's motion to correct errors as to the amount of support delinquency owed by the defendant, defendant's petition for modification of final decree as to support set forth in legal paragraph 2 of defendant's answer to plaintiff's petition for contempt citation and plaintiff's amended petition to cite defendant for contempt of Court heretofore filed October 26, 1971. With respect to the issues presented for determination, the Court states the following specific findings and conclusions, namely:
1. By final decree of absolute divorce entered in Superior Court of Tippecanoe County in Cause No. S-543-67 on February 6, 1968 the defendant was ordered to pay to the Clerk of said Court for the support of the minor children of the parties the sum of $100.00 per week commencing February 12, 1968, and continuing on each Monday thereafter. Said order remained in full force and effect for a period of 81 weeks, as a result of which the sum of $8100.00 was due and payable thereunder.
2. In 1969 the plaintiff invoked the Uniform Reciprocal Enforcement of Support Act by filing her complaint in the Tippecanoe Circuit Court in Cause No. C-165-69, after which the plaintiff's complaint was processed and forwarded to the District Court of Ottawa County, Miami, Oklahoma for further proceedings. The District Court of Ottawa County had jurisdiction over the plaintiff and defendant, and after hearing, on August 7, 1969 said Court entered an order reducing the defendant's obligation of support for the minor children of the parties to the sum of $200.00 per month. This order continued in full force and effect until October 19, 1971, or a period of 26 months, as a result of which the sum of $5200.00 was due and payable pursuant to said order.
3. On October 19, 1971 the District Court of Ottawa County, Oklahoma entered an order further reducing the defendant's support payments to $150.00 per month effective November 1, 1971, and as of February 15, 1972 the sum of $525.00 has accrued pursuant to said order.
4. Having originally initiated proceedings under the Uniform Reciprocal Enforcement of Support Act, plaintiff is bound to accept both the burdens and benefits of any order entered by a Court having jurisdiction over the subject matter and the parties, and this Court is bound to give full faith and credit to all orders and judgments heretofore rendered by the District Court of Ottawa County, Oklahoma.
5. The defendant has heretofore paid to the Clerk of this Court in partial satisfaction of his support obligation the sum of $2139.50 and has paid to the Clerk of the District Court of Ottawa County, Oklahoma in partial satisfaction of his support obligation the sum of $6400.00. He has further paid directly to the plaintiff the sum of $3133.00, and is entitled to credit for all of said sums so paid against the support orders heretofore entered by Superior Court of Tippecanoe County and the District Court of Ottawa County, Oklahoma.
6. The Court finds that as of this date the defendant is delinquent in the payment of support in the sum of $2152.50, but that said delinquency is not wilful *170 or deliberate and that the defendant is not in contempt of this Court. The Court finds further that the defendant should be required to reduce said support delinquency by payment to the Clerk of this Court of $50.00 on Wednesday, March 1, 1972 and a like amount of $50.00 on the 1st day of each calendar month thereafter until said delinquency has been paid and satisfied in full.
7. The Court finds further that the plaintiff has been required to employ counsel in connection with her petition to cite defendant for contempt of Court and in defense of defendant's motion to correct errors and for modification of the support order and that a reasonable fee for plaintiff's attorney is in the sum of $600.00 which should be paid by the defendant to the Clerk of this Court in 3 equal monthly installments commencing one month from this date and continuing on the 15th day of each month thereafter until paid in full. The Court finds further that the defendant's obligation of support for the minor children of the parties has been modified by the District Court of Ottawa County, Oklahoma, and that pursuant to the order made by said Court the defendant should be required to pay for support of the minor children of the parties the sum of $150.00 per month, payable on the 1st day of each calendar month, and that in making this finding as to support the Court is confirming the orders heretofore made by the District Court of Ottawa County, Oklahoma on August 7, 1969 and October 19, 1971.
"It is ordered that the defendant shall make payments of support in the sum of $150.00 to the Clerk of this Court commencing March 1, 1972, and that in addition thereto he shall remit to the Clerk of this Court the sum of $50.00 in addition to each regular monthly support payment until the existing support delinquency in the sum of $2152.50 has been paid and satisfied in full. The defendant is further ordered to pay to the Clerk of this Court for the use and benefit of the plaintiff for her attorney's fees reasonably incurred in this cause the sum of $600.00 payable 1/3 on March 15, 1972, 1/3 on April 15, 1972 and the balance not later than May 15, 1972. All costs of this proceeding are hereby taxed against the defendant.
"The Clerk is directed to forward a copy of this order by ordinary mail to counsel of record for the parties and is further directed to forward a certified copy of this order to the Clerk of the District Court of Ottawa County, Miami, Oklahoma."

III.

STATEMENT OF THE ISSUE
The issue presented upon appeal for our determination is:
Whether the Oklahoma support orders, issued pursuant to the Uniform Reciprocal Enforcement of Support Act, modified or superseded the original divorce decree which provided for support payments in the sum of $100.00 each week?
Full faith and credit is not applicable to the Oklahoma support orders. This conclusion will be discussed further in our "Statement on the Law" which follows. Our opinion concludes that the trial court's judgment must be reversed and modified pursuant to AP. 15(M), supra.

IV.

STATEMENT ON THE LAW
Several remedies were available to Sarah Banton.[2] She chose to file her complaint *171 pursuant to the Indiana Uniform Reciprocal Enforcement of Support Act and alleged that Donald Mathers had a duty to support his minor children. [See I.C. 1971, 31-2-1-7 through I.C. 1971, XX-X-X-XX (Burns Code Ed.)] Indiana, as the initiating state, determined that Donald Mathers was an obligor who owed a duty of support and that Oklahoma, the responding state, may obtain jurisdiction of his person and property. These Indiana determinations were certified and forwarded to the Ottawa County District Court of Miami, Oklahoma. I.C. 1971, XX-X-X-XX (Burns Code Ed.). Also see Prefatory Remarks to the Uniform Act, 9 U.L.A. 806, 888-892.
Two support orders were issued by the Oklahoma court, the first for $200.00 a month and the second, a modification of the first, for $150.00 a month.[3] An erroneous assumption is made by the Indiana trial court when it assumes that it must give full faith and credit to these support orders when considering a modification of the original divorce decree and when determining Donald Mather's support arrearage.[4] These support orders did not modify or supersede the support provisions of the original divorce decree.[5] I.C. 1971, XX-X-X-XX (Burns Code Ed.) of the Indiana Uniform Act provides:
"[Application of payments. ] No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."
12 Okl.Stat. Ann. § 1600.28 (1973 Supp.) provides:
"A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state."
Sarah Banton chose an additional legislative remedy which did not possess the final *172 nature of a judgment.[6] Sistare v. Sistare (1909), 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905. Her chosen remedy concerned the payment of future support payments. The amount of these payments would be determined by a foreign jurisdiction, Oklahoma, under the Uniform Act. This remedy is not predicated upon the original 1968 Indiana divorce decree. It is a remedy that is completely separate and apart. Payments made under the Oklahoma support order may be credited to the accrued support payments due under the original 1968 Indiana divorce decree, but this is the only relating back condition in the present case. Full faith and credit has little or no application. The remedy is afforded by the Uniform Act. See Moore v. Moore (1961), 252 Iowa 404, 107 N.W.2d 97; I.C. XX-X-X-XX, supra. The remedy does not need to be predicated upon a divorce decree. Despain v. Despain (1956), 78 Idaho 185, 300 P.2d 500; Stubblefield v. Stubblefield (Tex.Civ.App. 1954), 272 S.W.2d 633; Moore v. Moore, supra.
"The respondent relies much upon the doctrine of comity and the requirement for giving full faith and credit to the judgments of another state. But we think these have little application here. The statutes which we are considering are uniform and reciprocal. All states have adopted them. If, then, they fairly provide that support may be ordered in the responding state without regard to the orders or judgments of another state, such interpretation should be adopted. It is something to which all states have agreed, for the purpose, as our act provides, of securing support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support." Moore v. Moore, supra, 107 N.W.2d at 99-100.
Also see Bourdon v. Bourdon (1964), 105 N.H. 432, 201 A.3d 889, 891.
A very similar factual posture to the present case was presented in Howard v. Howard (1966), Miss., 191 So.2d 528. John Howard and Charlotte Howard were granted a divorce on May 15, 1961 in Hines County, Mississippi. The divorce decree provided that John Howard was to pay $130.00 per month support. Later, John moved to Mobile, Alabama. When he failed to make his support payments under the divorce decree, Charlotte Howard filed a complaint for support under the Uniform Reciprocal Enforcement of Support Act. The Mobile, Alabama court issued an order requiring John to pay $15.00 per week support. Several years later after Charlotte Howard had remarried, John Howard filed a petition for modification. A petition for contempt under the original divorce decree was filed by Charlotte Howard as in the present case. The Mississippi court stated:
"An examination of the language of the Uniform Reciprocal Enforcement of Support Act indicates that it is intended as only an auxiliary or supplemental remedy in the courts of a sister state for the enforcement of orders of support. Consequently, the original order of support rendered in the court of the initiating state is unaffected by the orders subsequently rendered in another state under the Uniform Act, except to the extent that payments made pursuant to one must be credited against payments accruing or accrued under the other for the same period or periods. Consequently, the holding of the chancellor that the reciprocal support proceedings in the state of Alabama were in addition to, and not in substitution for, the proceedings in *173 Mississippi was eminently correct. The Alabama proceedings had the effect only of providing Mrs. McDonald with a supplemental remedy for the enforcement of the Mississippi decree. The appellant was in no way relieved of his duty to continue paying the $130 monthly support payments ordered in Mississippi. As these payments became due, they became a judgment against him, and he is entitled to credit for only the amounts he has actually paid under this decree or under the reciprocal support decree rendered in Alabama. Therefore, the trial court was not in error in finding that appellant was in arrears in the amount of $3,576." Howard v. Howard, supra, 191 So.2d at 531.
The Mississippi court quoting from Despain v. Despain, supra, further observed:
"`The Uniform Reciprocal Enforcement of Support Act, Chapter 10, Title 7, I.C., provides an auxiliary or supplemental remedy for the enforcement of orders of support. It is, of course true that the amount of the payments ordered by the court of the responding state is influenced by the ability of the husband at that time to pay, but the authority of the court originally ordering payment is not affected or is its order modified by an order of the court of the responding state fixing another or different sum. Section 3 of the act provides: "The remedies herein provided are in addition to and not in substitution for any other remedies."'" Howard v. Howard, supra, 191 So.2d at 531-32.

V.

DECISION OF THE COURT
The Oklahoma support orders did not modify or supersede the support provisions of the February 6, 1968 Indiana divorce decree. Donald Mathers is entitled to be credited with all payments made under the Oklahoma support orders against any amount which may have accrued under the February 6, 1968 divorce decree. The Oklahoma support orders represent only an additional remedy available under the Uniform Reciprocal Enforcement of Support Act.
The trial court's judgment modified the February 6, 1968 divorce decree support arrearage retroactively when it recognized the Oklahoma support orders as a retroactive modification. This is reversible error. Corbridge v. Corbridge (1952), 230 Ind. 201, 102 N.E.2d 764.
The trial court's judgment should be and the same hereby is reversed with instructions to re-enter its judgment dated August 2, 1971 which should be modified to reflect the credit for direct payments of support made by Donald Mathers in the sum of $3,133.00; and the trial court is further instructed to amend its judgment so that the word `Utah' will now read `Oklahoma'.[1a]
HOFFMAN, C.J., and GARRARD, J., concur.
NOTES
[1] See I.C. 1971, 31-2-1-1 et seq. (Burns Code Ed.). Oklahoma has enacted a version of the Uniform Reciprocal Enforcement of Support Act which is substantially the same as Indiana's. See 12 Okla. Stat. Ann. § 1600.1 et seq. (1961).
[2] Sarah Banton could have relied upon the rights vested in the prior 1968 Indiana support order. Had she done so, the Oklahoma court could have entertained a local suit upon it, outside the scope of the Uniform Act. The Oklahoma court would then have been bound by due process of law to afford Mathers every defense for the modification of the Indiana order available under the law of this state. Griffin v. Griffin (1946), 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635; Kniffen v. Courtney (1971), 148 Ind. App. 358, 266 N.E.2d 72. Had it done so, the Oklahoma court would have been vested with a power to modify the Indiana support order equal to or greater than that held by a court of this state. See State ex rel. Halvey v. Halvey (1974), 330 U.S. 610, 615, 67 S.Ct. 903, 906, 91 L.Ed. 1133.

In the alternative, Sarah Banton could have registered the Indiana decree in the Oklahoma court as provided by the Uniform Act and sought its confirmation as a local order. See I.C. 1971, XX-X-X-XX through I.C. 1971, XX-X-X-XX (Burns Code Ed.) and 12 Okla. Stat. Ann. § 1600.32 through § 1600.37 (1973 Supp.). Both Indiana and Oklahoma had adopted that procedure prior to the initiation of the proceedings here at issue.
[3] See I.C. 1971, 31-2-1-7 (Burns Code Ed.) and 12 Okla. Stat. Ann. § 1600.8 (1961).
[4] See Sistare v. Sistare (1909), 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905; Moore v. Moore (1961), 252 Iowa 404, 107 N.W.2d 97 and Bourdon v. Bourdon (1964), 105 N.H. 432, 201 A.2d 889.
[5] We do recognize that some inequities may exist in the Uniform Act. No section grants an obligor the right to compel the obligee to effect the potential remedy of registration of the initiating state's divorce decree which would allow litigation of a modification. Modification of the original divorce decree may require the return of the obligor to the initiating state. The potentiality for hardship or harassing procedures by a vengeful obligee is apparent. See Clark on Domestic Relations § 6.6 at 210, 211 (1968) and C.D. Kelso, Reciprocal Enforcement of Support: 1958 Dimensions, 43 Minn.L.Rev. 875, 888 (1959). This issue is not before us in the present case.
[6] At the time the court order here at issue was entered I.C. 1971, XX-X-XX-XX (Burns Code Ed.) governed. That statute provided for the continuing jurisdiction of the court over the children until the end of their minority. That section was repealed by Acts 1973, P.L. 297, § 3. For the current provisions governing child support, see I.C. 1971, 31-1-11.5-12 (Burns Code Ed., Supp. 1973). I.C. 1971, 31-2-1-3 (Burns Code Ed.) provides:

"[Remedies additional to those now existing. ] The remedies herein provided are in addition to and not in substitution for any other remedies."
[1a] The above is ordered pursuant to Indiana Rules of Procedure, Appellate Rule 15(M).