Kimberly SHEETS, Appellant–Petitioner,

v.

Jerry SHOEMAKER, Appellee–Respondent.

No. 08A04–9601–CV–4.

Court of Appeals of Indiana.

Sept. 30, 1996.

Pamela Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for Appellant–Petitioner.

Darrel K. Diamond, Delphi, for Appellee–Respondent.

## OPINION

CHEZEM, Judge

### Case Summary

Petitioner–Appellant, Kimberly Sheets ("Sheets") appeals the trial court's dismissal of her action for child support under the Uniform Reciprocal Enforcement Support Act ("URESA"). We reverse and remand.

### Issue

We determine whether Trial Rule 12(B)(8) prohibits an action for child support under the URESA in one county when a different county has already issued an order of child support which remains binding on the parties.

### Facts and Procedural History

In 1985 the Tippecanoe Circuit Court issued an order of child support for $10.00 per week against Respondent–Appellee, Jerry Shoemaker ("Shoemaker"). On October 1, 1990, Sheets filed a petition pursuant to the URESA in the Benton Circuit Court. The same day, the Benton Circuit Court issued a certificate and order approving the URESA petition to be forwarded to the Carroll County Prosecutor's Office. On February 5, 1991, the Carroll County Prosecutor's Office filed the URESA petition in the Carroll County Circuit Court. The same day, the Carroll Circuit Court ordered Shoemaker to appear and show cause why the court should not enter an order directing him to pay child support. On March 8, 1991, the Carroll Circuit Court issued an order for Shoemaker to pay child support in the amount of $30.00 per week.

In 1993, Sheets attempted to get the Tippecanoe court to raise Shoemaker's support obligation to $30.00 per week. She relied on the Carroll court order in her attempt to convince the Tippecanoe court. However, the Tippecanoe court would not honor the Carroll court findings and order.

On August 17, 1995, the Carroll County Prosecutor's Office, on Sheets' behalf, filed an application for citation in the Carroll Circuit Court due to Shoemaker's failure to pay child support. Hearing was held, wherein the Carroll Circuit Court's order of support

was dismissed pursuant to Trial Rule 12(B)(8), for reason that the same action was pending in Tippecanoe Superior Court. Sheets appeals from that dismissal.

### Discussion and Decision

We are asked to determine whether Trial Rule 12(b)(8) prohibits an action for child support under the URESA[1] in one county when a different county has already issued an order of child support which remains binding on the parties. Indiana Trial Rule 12(B)(8), states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion: ... (8) the same action pending in another state court of this state.

■ The rule which arises in consideration of Rule 12(B)(8) is that one of two contemporaneous law suits must be dismissed where the parties, subject matter and remedies sought are substantially the same in both suits. *Indiana & Michigan Elec. Co. v. Terre Haute Indus.*, 467 N.E.2d 37 (Ind.Ct. App.1984). Shoemaker argued successfully to the trial court that the child support order in the Tippecanoe court should have been dismissed because it contained the same parties, the same subject matter, and the remedies sought were substantially the same as the child support matter before the Carroll court. We disagree.

Indiana Code 31–2–1–31 provides that the URESA has intercounty application. The purposes of the URESA are to "improve and extend by reciprocal legislation enforcement of duties of support ... and to make uniform the law with respect thereto." I.C. 31–2–1–1.

The URESA improves child support enforcement by providing a custodial parent with access to the courts in the obligor's home jurisdiction. *Egan v. Bass*, 644 N.E.2d 1272, 1275 (Ind.Ct.App.1994); *Beach v. Beach*, 642 N.E.2d 269, 275 (Ind.Ct.App.1994). The URESA is applicable when, as here, the petitioner and the respondent reside in different counties within Indiana. I.C. 31–2–1–31.

As a custodial parent seeking to enforce a support obligation, Sheets properly filed her verified complaint against Shoemaker in the Benton Circuit Court, thereby making Benton County the initiating jurisdiction. I.C. 31–2–1–10; I.C. 31–2–1–11; I.C. 31–2–1–13. The Benton Circuit Court properly certified the URESA petition and forwarded the petition to the Carroll Circuit Court, the responding jurisdiction. I.C. 31–2–1–14. It was for the Carroll Circuit Court to make a determination as to whether Shoemaker owed a duty of support and, if appropriate, to enter a support order. I.C. 31–2–1–23; *Beach*, 642 N.E.2d at 274.

■ A petition for support filed pursuant to the URESA requests the responding jurisdiction to make a determination that the respondent owes such a duty of support—any prior support order merely provides evidence that the respondent owes a duty of support. I.C. 31–2–1–23. The responding jurisdiction's authority to enter a support order is not precluded by the existence of a support order previously issued in a jurisdiction other than the initiating or responding jurisdiction. *Beach*, 642 N.E.2d at 274. Additionally, though permitted by the URESA to enter an independent order of support, the responding jurisdiction may not modify a support amount in any manner which must be recognized by the rendering jurisdiction. *Id.* at 276. Thus, in 1993, the Tippecanoe court was within its boundaries when it did not

---

1. The following definitions are provided within URESA:

I.C. 31–2–1–2(b) *Initiating jurisdiction* is any jurisdiction "in which a proceeding pursuant to this or a substantially similar reciprocal law is commenced."

(c) *Responding jurisdiction* is any jurisdiction "in which any proceeding pursuant to the proceeding in the initiating [jurisdiction] is or may be commenced."

(k) *Rendering jurisdiction* is any jurisdiction "in which a support order is originally entered." In this case, Tippecanoe County is the rendering jurisdiction, Benton County is the initiating jurisdiction, and Carroll County is the responding jurisdiction. *See Beach v. Beach*, 642 N.E.2d 269, 274 (Ind.Ct.App.1994).

honor the order of the Carroll court because, as Sheets was attempting to use it, the Carroll court order would have been a modification of the Tippecanoe order.[2]

However, this holding in *Beach* in no way implies that the responding jurisdiction may not enter its own order of support and enforce it accordingly. The two orders are not conflicting. The Carroll County order was not predicated upon the original Tippecanoe County order—it was an order completely separate and apart. *See Banton v. Mathers,* 159 Ind.App. 634, 309 N.E.2d 167, 172 (1974). As a result, Shoemaker was bound by both the Tippecanoe County order and the Carroll County order. *See id.*

Additionally, the remedies available under the URESA "are in addition to and not in substitution for any other remedies." I.C. 31–2–1–3. Thus, Sheets did not have to file her complaint pursuant to the URESA. She could have instead filed an action to enforce or modify the Tippecanoe County support order in the Tippecanoe Circuit Court. *Banton,* 159 Ind.App. at 639–640, 309 N.E.2d at 170–171, n. 2. Sheets may seek different remedies in each of the two counties and those remedies may be simultaneously invoked. To that degree, the remedy sought by Sheets under the URESA was not the same remedy as the one provided by the Tippecanoe County court.

■ Whether two actions being tried in different state courts constitute the "same action" under Trial Rule 12(B)(8) depends upon whether the outcome of one action will affect the adjudication of the other. *Indiana & Michigan Elec. Co.,* 467 N.E.2d at 40. The outcome of the child support proceedings in the Carroll Circuit Court will not affect any child support proceedings in the Tippecanoe Circuit Court. Likewise, child support proceedings in the Tippecanoe Circuit Court will not affect any child support proceedings in the Carroll Circuit Court. *See Beach,* 642 N.E.2d at 278–279. Although they involve the same subject—Shoemaker's duty to support his child—they are separate and distinct proceedings. To that extent,

they are not the "same action" and Trial Rule 12(B)(8) does not prohibit the Carroll court from issuing and enforcing its order, even though Shoemaker is already bound by the Tippecanoe order.

The URESA avoids potential unjustness by allowing for credits. I.C. 31–2–1–29 provides:

> No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

To that extent, Shoemaker is not prejudiced by the Carroll County order because he receives a credit with regard to his Tippecanoe County order each time he complies with the Carroll County order. Shoemaker went to great lengths in his brief to pose hypotheticals under which he might suffer prejudice. However, we are confined to the facts presented on this appeal and will not entertain those hypotheticals. Any substantive prejudice Shoemaker feels he has suffered as a result of the Carroll County order beyond the 12(B)(8) issue can be raised at the time of his hearing and appealed from following a final order.

■ The only other pertinent ground upon which Shoemaker disputes Sheets' appeal is that allowing the Carroll County Court order to remain in force would lead to forum shopping. The stated goal of the URESA provides for the effective resolution of child support issues within Indiana. The provision gives a custodial parent access to the courts in the obligor's home jurisdiction to promote enforcement of child support obligations while respecting the interests of the obligor to be sued in the jurisdiction in which he or she resides. *See Egan,* 644 N.E.2d at 1275. Forum shopping, though possible, is limited by the requirements of the URESA. A petitioner must choose the forum from those permitted by the URESA.

---

2. However, such a restriction in no way limits a responding jurisdiction from entering its own, independent findings and order of support. It merely means that enforcement of the responding jurisdiction's order will most likely not be accomplished in the rendering jurisdiction.

It is reasonable to assume that the legislature drafted the URESA with knowledge of the trial rules. The language of the URESA makes the two causes of action separate. Although at first glance there does appear to be a conflict between Trial Rule 12(B)(8) and the URESA, we follow the guidance of our supreme court, whose stated goals of placing "children's issues first", *Humbert v. Smith*, 664 N.E.2d 356, 357 (Ind.1996), is consistent with the legislature's goal of expeditious resolution of questions of paternity, custody, and support of children. *Id.* Likewise, with knowledge of the URESA and its stated goals, we will not interpret the trial rules to circumvent those goals.

We reverse and remand for a hearing for Shoemaker to appear and show cause why he should not otherwise be held in contempt for failing to comply with the Carroll County court's $30.00 per week order of child support.

RILEY, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

Because I believe that Sheet's action in Carroll County should be dismissed pursuant to Ind.Trial Rule 12(B)(8), I respectfully dissent. As the majority correctly notes, URESA has intercounty application. IND. CODE § 31-2-1-29. Thus, pursuant to URESA, a custodial parent may seek a support order in the county in which the noncustodial parent resides. *Egan v. Bass,* 644 N.E.2d 1272, 1275 (Ind.Ct.App.1994). As a result, a noncustodial parent may become subject to two or more support orders simultaneously.

However, I believe the result sanctioned by URESA is incompatible with T.R. 12(B)(8). This rule provides that a party may raise as a defense that the same action is pending in another state court in Indiana. Whether two proceedings are the same un-der T.R. 12(B)(8) depends on whether the outcome of one action will affect the adjudication of the other. *Indiana & Michigan Elec. Co. v. Terre Haute Indus. Inc.,* 467 N.E.2d 37, 40 (Ind.Ct.App.1984). This test requires us to dismiss one action where the parties, subject matter and remedies are substantially the same. *Id.*[3]

In cases involving child support, the parties involved in the action are the same. Further, the subject matter, specifying the amount of support, is substantially the same in both actions. Finally, the remedy provided by each state court action, a support order, is the same. Thus, pursuant to T.R. 12(B)(8), a trial court may not issue and enforce a support order when another support order is in existence in another county. To the extent that URESA conflicts with this rule, URESA must fail. *See Augustine v. First Federal Savings and Loan Ass.,* 270 Ind. 238, 241, 384 N.E.2d 1018, 1020 (1979) (procedural rules adopted by supreme court take precedence over any conflicting statutes).

Thus, I would affirm the Carroll Circuit Court's dismissal of Sheet's action for child support under URESA.

---

**3.** I note that the majority concludes that T.R. 12(B)(8) does not prohibit the existence of more than one support action because it determines that the outcome of one action will not affect the adjudication of the other. The majority, however, erroneously fails to consider the three factors essential to make such a determination, specifically, whether the parties, subject matter and remedies are the same. *Application of this test* compels my conclusion that 12(B)(8) prevents the simultaneous existence of multiple support orders.