[727 NYS2d 163]

In the Matter of SUSANNE PARENZAN, Appellant, v EUGENE PARENZAN, Respondent. (Proceeding No. 1.)

In the Matter of SUSANNE PARENZAN, Appellant, v EUGENE PARENZAN, Respondent. (Proceeding No. 2.)

Second Department, July 9, 2001

APPEARANCES OF COUNSEL

*McCormack & Phillips,* Nyack (*Ronald G. McCormack* of counsel), for appellant.

*Marilyn S. Faust,* White Plains, for respondent.

**OPINION OF THE COURT**

FRIEDMANN, J.

At issue on the instant appeal is whether New York has "continuing exclusive jurisdiction" over a child support order issued in this State pursuant to a 1982 separation agreement between the parties and a 1983 divorce judgment entered in this State (hereinafter the New York child support order) under the Uniform Interstate Family Support Act (Family Ct Act art 5-B [hereinafter UIFSA]).

In order to resolve this issue, we must first determine whether subsequent child support orders issued by an Indiana court in 1987 and 1990, as a result of petitions filed by the petitioner herein under the former Uniform Support of Dependents Law (Domestic Relations Law former article 3-A [hereinafter USDL]), modified the New York child support order.

Inasmuch as the Indiana child support orders did not modify the New York child support order, we find that New York has continuing exclusive jurisdiction over the child support order under UIFSA.

The petitioner Susanne Parenzan (hereinafter the mother) and the respondent Eugene Parenzan (hereinafter the father) were married in Nanuet, New York, on September 11, 1971. During their marriage, they had two children: Richard, born June 23, 1976, and Kyle, born July 19, 1979. The mother and father subsequently entered into a separation agreement, dated September 15, 1983, which, insofar as is relevant to the instant appeal, required the father to pay to the mother, who was to have sole and exclusive custody of the children, the sum of

$750 per month in child support upon termination of his maintenance obligations. Additionally, the separation agreement provided that the father and the mother would "mutually consult" with one another "in order to ascertain a reasonable and fair allocation for payment of" the expenses of the children's college educations. In or about October 1983, the mother and the father were divorced pursuant to a judgment entered in Supreme Court, Westchester County. The separation agreement was incorporated, but not merged, into the divorce judgment. At some point after the divorce, the mother and the children moved to Rockland County, while the father moved to Indiana.

In February 1986, the mother filed a petition in the Family Court, Rockland County, to recover alleged arrears in child support. Pursuant to the USDL, which was then in effect in New York, the Family Court, Rockland County, referred that petition to the Superior Court of Allen County in Fort Wayne, Indiana, where the father resided. On March 12, 1987, that court issued an order on the foregoing petition, directing the father to pay to the mother the sum of $50 per week child support and $200 in arrears (hereinafter the first Indiana child support order).

In June 1989, the mother filed another USDL petition in the Family Court, Rockland County, for upward modification of the first Indiana child support order. Essentially, she alleged that there had been a change in circumstances in that the father had obtained full-time employment in Indiana. Again, pursuant to the USDL, the Family Court, Rockland County, referred the petition to the Allen County Superior Court in Indiana. In an order dated July 18, 1990, that court modified the first Indiana child support order by ordering the father to pay to the mother the sum of $400 per month in child support (hereinafter the second Indiana child support order). Apparently, the father has paid child support according to the respective Indiana child support orders while each was in effect.

By order to show cause dated May 3, 1999, and an accompanying petition, filed in the Family Court, Rockland County, the mother commenced one of two related proceedings pursuant to Family Court Act article 4, and requested an order, *inter alia,* directing the father to pay $750 per month in child support and for arrears of $70,525 from October 1, 1985, through April 30, 1999. In her petition, the mother averred, *inter alia,* that since October 1, 1985, the father had not fully complied with his child support obligations under the New

York child support order. No mention was made of either Indiana child support order.

Simultaneously, the mother commenced a second proceeding pursuant to Family Court Act article 4 in the Family Court, Rockland County. In this proceeding, she requested an order, *inter alia,* directing the father to contribute to the college education expenses of their eldest child. In her petition in support thereof, the mother stated that the father "has failed to provide fair and reasonable contributions to the college expenses" of that child.

By order to show cause dated June 7, 1999, the father moved, *inter alia,* to dismiss both proceedings. In an affirmation in support of the motion, the father asserted, in relevant part, that the instant proceedings were barred by UIFSA (Family Ct Act art 5-B), which was enacted in New York effective December 31, 1997. Essentially, the father argued that his child support obligations as contained in the New York child support order had been modified by the Indiana child support orders, and therefore, the New York child support order was no longer in effect. Since he had allegedly paid all of the amounts due under the Indiana child support orders, he claimed that he owed no arrears.

In response, the mother cross-moved, *inter alia,* for partial summary judgment dismissing the father's answer and fixing arrears against the father, and for enforcement of the New York child support order. Insofar as is relevant to the instant appeal, the mother asserted that the Indiana child support orders were additional orders of support, "neither effecting [*sic*] nor modifying the [New York child support order] which remains in full force and effect."

In opposition to the mother's cross motion, the father again asserted that the New York child support order had been modified by the Indiana child support orders, and therefore, that New York had lost continuing, exclusive jurisdiction over the issue of child support.

The parties' motion and cross motion were referred to a Hearing Examiner. In her decision, the Hearing Examiner granted the father's motion to dismiss the mother's petitions, finding that under Family Court Act § 580-205, New York courts lack jurisdiction to enforce the New York child support order. In doing so, she agreed with the father's position that the Indiana child support orders had modified the New York child support order, and therefore, the State of Indiana has continuing exclusive jurisdiction over child support under UIFSA. Al-

though the mother filed objections to the Hearing Examiner's decision, in an order dated December 22, 1999, the Family Court, Rockland County, affirmed the Hearing Examiner's determination. On appeal by the mother, we reverse.

Effective December 31, 1997, New York adopted UIFSA (Family Ct Act art 5-B), which replaced the USDL. UIFSA is a national act (see, Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act art 5-B, at 204). Congress ensured that each State would enact UIFSA by conditioning a State's right to receive Federal funding for its child support services to its adoption of UIFSA by January 1, 1998 (see, 42 USC § 666 [f]; Badeaux v Davis, 337 SC 195, 205, 522 SE2d 835, 840). Prior to UIFSA, each State had in effect its own form of the USDL, the Uniform Reciprocal Enforcement of Support Act (hereinafter URESA) or the Revised Uniform Reciprocal Enforcement of Support Act (hereinafter RURESA). Prior to its enactment of UIFSA effective January 1, 1997 (see, Ind Code § 31-1.5 et seq.), Indiana had in effect URESA (see, Ind Code former § 31-2-1-1 et seq.).

Indiana courts stated that the purpose of URESA was " 'to improve and extend by reciprocal legislation the enforcement of duties of support' " (Beach v Beach, 642 NE2d 269, 276 [Ind], quoting Burke v Burke, 617 NE2d 959, 962 [Ind]), and that the "primary purpose of URESA [was] to secure support from those legally obligated to pay it" (Beach v Beach, supra, at 275). However, when faced with petitions under URESA, courts did not always enforce child support orders issued by other States. Rather, as was the case here, they were free to issue their own child support orders, setting obligations which differed from the obligations set by the State which originally issued a child support order. In many cases, this resulted in multiple, conflicting child support orders. UIFSA was drafted and enacted in order to remedy this problem by providing the means for determining which State has continuing exclusive jurisdiction over a child support order and for recognizing a single controlling child support order which all States must acknowledge (see, Badeaux v Davis, supra, 337 SC, at 206, 522 SE2d, at 840-841). Under New York's version of UIFSA, the section which provides for determining whether New York has continuing, exclusive jurisdiction over a child support order is found in Family Court Act § 580-205, while the section for recognizing the controlling support order is found in Family Court Act § 580-207.

In relevant part, Family Court Act § 580-205 provides the following:

"§ 580-205. Continuing, exclusive jurisdiction

"(a) A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:

"(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

"(2) until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

"(b) A tribunal of this state issuing a child-support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to the Uniform Interstate Family Support Act (UIFSA) or a law substantially similar to UIFSA.

"(c) If a child-support order of this state is modified by a tribunal of another state pursuant to UIFSA or a law substantially similar to UIFSA, a tribunal of this state loses its continuing, exclusive jurisdiction with regard to prospective enforcement of the order issued in this state, and may only:

"(1) enforce the order that was modified as to amounts accruing before the modification."

In the instant case, there is no dispute that New York remains the residence of the mother and the children for whose benefit the New York child support order was issued. Nor is there any dispute that the mother never filed a consent in New York allowing a tribunal of another State to modify the order and assume continuing, exclusive jurisdiction. Thus, the only way which New York courts would lose continuing, exclusive jurisdiction over the New York child support order in this case is if that order was "modified" by an Indiana tribunal pursuant to UIFSA or a law substantially similar to UIFSA. Therefore, the determinative issue on the instant appeal is whether either Indiana child support order "modified" the New York child support order within the meaning of Family Court Act § 580-205 (b).

UIFSA applies to all orders made under the USDL or any substantially similar law (Family Ct Act § 580-904), and USDL

and URESA were "substantially similar" (*Matter of Burke v Adams,* 130 AD2d 100, 104). Therefore, UIFSA's continuing, exclusive jurisdiction and controlling order procedures apply to child support orders made under the USDL or URESA. But UIFSA does not define when an order has been modified by a tribunal of another State. Indiana law is clear, however, that in a URESA action, Indiana courts could not modify a foreign support order (*see, Beach v Beach, supra; Stidham v Whelchel,* 698 NE2d 1152 [Ind]; *Sheets v Shoemaker,* 670 NE2d 945, 947 [Ind]; a*ccord, Matter of Rauch v Rauch,* 201 AD2d 276 [petitioner's initiation of a proceeding in New Jersey under the USDL for enforcement of a New York support order was an additional remedy and did not deprive her of any other available remedy]; *Sharp v Sharp,* 161 AD2d 624 [1987 California USDL order was not a modification of defendant's child support obligations under a 1983 New York amended judgment]; *Cumming v Cumming,* 113 AD2d 735, 736 [1976 Florida USDL order did not reduce or supersede defendant's obligation to provide child support in conformity with 1973 New York divorce decree]; *Lanum v Lanum,* 92 AD2d 912; *Nichols v Bardua,* 74 AD2d 566; *Thompson v Thompson,* 366 NW2d 845 [SD]; *Miskimon v Miskimon,* 173 Mich App 393, 433 NW2d 419). Rather, according to Indiana law, when an Indiana court was asked to enforce a child support order of another State in a URESA action, the Indiana court could order the obligor to pay child support in an amount which differed from the amount which the obligor was ordered to pay by the other State. Under such circumstances, however, the child support order of the other State "remain[ed] in force, and any amount collected in [Indiana] pursuant to its order [was] to be applied to the amount due under the decree in the [other] state" (*Beach v Beach, supra,* at 278; *see, Banton v Mathers,* 159 Ind App 634, 309 NE2d 167).

Applying the foregoing to the instant case, we find that the Indiana child support orders did not "modify" the New York child support order within the meaning of Family Court Act § 580-205 (b), or under the Full Faith and Credit for Child Support Orders Act (28 USC § 1738B; *Thrift v Thrift,* 760 So 2d 732, 736, n 3 [Miss], *cert denied* 531 US 944; *Department of Revenue ex rel. Cascella v Cascella,* 751 So 2d 1273 [Fla]). Since, as noted above, it is undisputed that the mother and the children continue to reside in New York, and the mother never filed a written consent for an Indiana court to modify the New York child support order and assume continuing, exclusive ju-

risdiction over the matter (*see*, Family Ct Act § 580-205 [a] [2]), New York has continuing, exclusive jurisdiction over the New York child support order pursuant to Family Court Act § 580-205 (a) (1) (*see, Matter of Rose Marie W. v Floyd J.,* 184 Misc 2d 448 [because Wisconsin divorce decree was an independently-made decree, and was not a modification of a prior child support order issued by New York Family Court, New York had continuing exclusive jurisdiction over the child support order]; *see also, State ex rel. Leo v Tuthill,* 170 Or App 79, 11 P3d 270 [1989 Oregon RURESA support order did not modify a 1987 Alaska child support order, and therefore, Oregon's enactment of UIFSA did not alter the continuing validity of a 1987 Alaska support order, which under UIFSA was the controlling order]; *Thrift v Thrift, supra; Department of Revenue ex rel. Cascella v Cascella, supra; Department of Revenue ex rel. Sloan v Sloan,* 743 So 2d 1131 [Fla]).

We recognize that because an Indiana tribunal has issued child support orders with respect to these parties and the father resides in Indiana, it seems that Indiana would also have "continuing exclusive jurisdiction" under UIFSA (*see*, Ind Code § 31-18-2-5; *see also*, Family Ct Act § 580-205 [a]). However, this is not so. When more than one State has issued a child support order, UIFSA acknowledges that more than one tribunal could have continuing, exclusive jurisdiction under UIFSA, and, as indicated above, provides procedures for determining which child support order must be recognized as the "controlling child support order" (*see*, Family Ct Act § 580-207 [b] [2]; Ind Code § 31-18-2-7 [a] [3]). It further provides that "[t]he tribunal that issued the controlling order * * * is the tribunal that has continuing, exclusive jurisdiction" (Family Ct Act § 580-207 [d]; see, Ind Code § 31-18-2-7 [b]).

Insofar as is relevant to the instant appeal, Family Court Act § 580-207 (b) (2) provides that "[i]f more than one of the tribunals would have continuing, exclusive jurisdiction under this article, an order issued by a tribunal in the current home state of the child controls and must be so recognized" (*see also*, Ind Code § 31-18-2-7 [a] [3]). Because New York is the current home State of the children in the instant case, the New York child support order must be recognized as the controlling child support order (*see, State ex rel. Leo v Tuthill, supra; Thrift v Thrift, supra; Department of Revenue ex rel. Cascella v Cascella, supra; Department of Revenue ex rel. Sloan v Sloan, supra*). Therefore, pursuant to Family Court Act § 580-207 (d), New York "has continuing, exclusive jurisdiction under section

580-205" (Family Ct Act § 508-207 [d]; *see also,* Ind. Code § 31-18-2-7 [b]).

Accordingly, the order is reversed, objections 5 and 6 to the order of the Hearing Examiner are denied, the remaining objections are sustained, the father's motion to dismiss the petitions is denied, the mother's petitions are reinstated, and the matter is remitted to the Family Court, Rockland County, for consideration of the mother's petitions, after giving the father an opportunity to respond thereto.

S. MILLER, J. P., H. MILLER and SMITH, JJ., concur.

Ordered that the order is reversed, with costs, objections 5 and 6 to the order of the Hearing Examiner are denied, the remaining objections are sustained, the motion and cross motion are denied, the mother's petitions are reinstated, and the matter is remitted to the Family Court, Rockland County, for consideration of the mother's petitions, after giving the father an opportunity to respond thereto.