■ In the Matter of PRISCILLA SHAFER, Respondent, v MICHAEL J. MARTIN, Appellant. [731 NYS2d 291] —Rose, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered May 11, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of a prior child support order.

Soon after their marriage and the birth of their child in 1981, the parties separated with respondent moving to Florida while petitioner and the child continued to reside in New York. In 1984, Family Court ordered respondent to pay child support in the amount of $100 per month (hereinafter the 1984 order). In 1986, in a divorce action in the Circuit Court for Collier County, Florida (hereinafter the Florida court), the parties stipulated

that "[c]hild support shall remain at $100.00 per month and shall continue until ordered otherwise by [the] court," a provision that was incorporated into a 1987 Florida divorce judgment. Respondent continued to pay child support until November 1999 when the Florida court terminated that obligation due to the child's emancipation under Florida law (hereinafter the 1999 order). In December 1999, petitioner applied for modification of the 1984 order and respondent moved for dismissal on the ground that Family Court lacked jurisdiction due to the Florida court's continuing exclusive jurisdiction under the judgment of divorce and the 1999 order. The Hearing Examiner denied respondent's motion and ordered him to pay child support of $154.73 per week. Subsequently, respondent's objections to this decision were denied by Family Court and he now appeals.

In light of the now-controlling provisions of the Uniform Interstate Family Support Act (hereinafter UIFSA; Family Ct Act article 5-B), which replaced the Uniform Support of Dependents Law (hereinafter USDL) in 1997 (see, Matter of Barros v Vila, 271 AD2d 711, 712-713, lv denied 95 NY2d 757), we find that Family Court had continuing exclusive jurisdiction over the 1984 order and was not bound by the Florida court's 1999 order. Prior to its enactment of UIFSA (see, Fla Stat § 88.2011 et seq.), Florida had in effect the Uniform Reciprocal Enforcement of Support Act (hereinafter URESA; see, Fla Stat § 88.011 et seq.; Department of Revenue ex rel. Cascella v Cascella, 751 So 2d 1273, 1275 [Fla]). "UIFSA applies to all orders made under the USDL or any substantially similar law * * * and USDL and URESA were 'substantially similar' * * *. Therefore, UIFSA's continuing, exclusive jurisdiction and controlling order procedures apply to child support orders made under the USDL or URESA" (Matter of Parenzan v Parenzan, 285 AD2d 59, 64-65 [citations omitted]).

There is no dispute here that New York remains the residence of petitioner and the child for whose benefit the 1984 order was issued (see, Family Ct Act § 580-205 [a] [1]), and that petitioner never filed a written consent in New York allowing the Florida court to modify the order and assume continuing exclusive jurisdiction (see, Family Ct Act § 580-205 [a] [2]). Nor do we find that the 1984 order was modified by either the independently-made Florida judgment of divorce that merely continued the existing support provision of the parties' stipulation or expiration of that judgment's child support provision (see, Family Ct Act § 580-205 [b]; Matter of Rose Marie W. v Floyd J., 184 Misc 2d 448, 452). Thus, Family Court retained

continuing exclusive jurisdiction over the 1984 order, and was correct in perceiving no conflict between the 1984 order and the Florida judgment. Moreover, we note that "an order issued by a tribunal in the current home state of the child controls and must be so recognized" (Family Ct Act § 580-207 [b] [2]). Under these circumstances, the 1984 order is controlling and we find that Family Court properly modified respondent's child support obligation.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.