■ SYLVIA ERLICH, Respondent, v RON ERLICH, Appellant. [762 NYS2d 62] —Order, Family Court, New York County (Sheldon Rand, J.), entered on or about April 12, 2002, which denied respondent former husband's objections to the Hearing Examiner's order, entered on or about December 21, 2001, finding that respondent owes petitioner former wife a balance of $40,274.09 in maintenance and child support arrears on outstanding judgments, plus $8,318.38 in new arrears, for a total of $48,592.47, to be paid by respondent, if employed, at a rate that would reduce his annual income to $34,380.50, unanimously modified, on the facts, to reduce the total arrears on outstanding judgments to $40,040, and raise the amount to which respondent's annual income may be reduced to $36,575, and otherwise affirmed, without costs.

Family Court accorded appropriate deference to the Hearing Examiner's findings, which were based largely on credibility (*see Matter of Sledge v Sledge*, 228 AD2d 310 [1996]). We reject respondent's contention that the prior Maryland income deduction order, which excluded arrears attributable to the children's health care and educational expenses, precludes enforcement of such obligations in New York, which has continuing jurisdiction of the matter (*see Matter of Parenzan v Parenzan*, 285 AD2d 59 [2001], *lv dismissed* 97 NY2d 700 [2002]; *Matter of Shafer v Martin*, 287 AD2d 825, 826 [2001]). As the Hearing Examiner found, the Maryland order simply reflects Maryland law, which does not provide for such obligations in a child support order, and did not purport to adjudicate petitioner's right thereto under the New York judgments. We modify the total amount of arrears awarded under outstanding judgments to reflect the amount sought. We also modify to correct an arithmetic error in the calculation of the income deduction order based on the federal poverty income guidelines. We have considered respondent's other contentions and find them unavailing. Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.